# IN THE COURT OF CRIMINAL APPEALS

## AT NASHVILLE, TENN.
### APPEALED FROM

**RECEIVED**

**Davidson County Criminal Court Divison** / TR, 1 ( TE'S

NOV 2 3 2009

THE HONORABLE STEVE DOZIER, JUDGE, PRESIDING

THE HONORABLE DAVID TORRENCE, CRIMINAL COURT CLERK

**FILED**

NOV 2 4 2009

**Clerk of the Courts**

6 EXH

**BOTH DEFENDANTS ARE INDIGENT**

DEFENDANT BRAXTON IS AT TURNEY CENTER AND DEFENDANT HARRIS IS AT CHARLES BASS

---

**CERTIFIED Transcript OF CAUSE**

*Execution No.*

## STATE OF TENNESSEE

vs.

FREDERICK BRAXTON #332561
LEONARD HARRIS #234052
M2009-01735-CCA-R3-CD

*Execution No.* 2007-A-732

### COURT OF CRIMINAL APPEALS

**APPEALED TO OF Next Term, 20___**

### JUDGMENT LOWER COURT

DEFENDANT BRAXTON WAS FOUND GUILTY OF ATTEMPTED SECOND DEGREE MURDER AND WAS SENTENCED

TO SERVE 19 YEARS AND DEFENDANT HARRIS WAS FOUND GUILTY OF ATTEMPTED SECOND DEGREE

MURDER AND WAS SENTENCED TO SERVE 11 YEARS

---

### ATTORNEYS

J. WESLEY KING #24137, ASSISTANT DISTRICT ATTORNEY GENERAL, WASHINGTON SQ., SUITE 580, 222-2ND AVENUE NORTH

NASHVILLE, TN 37201-1649

**FOR STATE**

(BRAXTON) ASHLEY PRESTON #025642, PO BOX 111935, NASHVILLE, TN 37222    772-5275

(HARRIS) WILLIAM GRIFFITH #025417, 1308 ROSA L PARKS BLVD, NASHVILLE, TN 37208    254-0202

**FOR DEFENDANT**

*Filed* 23RD    *day of* NOVEMBER    20 09

**Clerk Supreme Court**

**By NICOLE MURPHY**

**Deputy Clerk**

# I N D E X

|  | P A G E |
|---|---|
| Arraignment (Braxton)............................................................................................... | 6 |
| Arraignment (Harris).................................................................................................. | 7 |
| Certificate of Appellate Record................................................................................. | 112-113 |
| Indictment................................................................................................................... | 1-3 |
| Judgments................................................................................................................... | 69-70 |
| Defendant Braxton's Notice of Conflict..................................................................... | 4-5 |
| Defendant Braxton's Motion to Continue Trial............................................................ | 20-21 |
|      Granted.................................................................................................................. | 23 |
| Defendant Harris' Notice of Alibi............................................................................... | 22 |
| Defendant Braxton's Notice of Alibi........................................................................... | 24-25 |
| Defendant Braxton's Motion in Limine #1.................................................................. | 26 |
|      #2......................................................................................... | 27 |
|      #3......................................................................................... | 28 |
|      #4......................................................................................... | 29-30 |
|      #5......................................................................................... | 31 |
| Defendant Braxton's Second Motion to Continue Trial............................................. | 33-34 |
|      Granted.................................................................................................................. | 35 |
| Defendant Braxton's Notice of Conflict and Motion to be Relieved.................... | 36-37 |
|      Granted.................................................................................................................. | 38 |
| Defendant Braxton's Motion to Sever Counts............................................................ | 39-40 |
| Defendant Harris' Motion in Limine........................................................................... | 41-50 |
| Defendant Harris' Motion to Exclude all Prior Uncharged Criminal Offenses and other Crimes..................................................................................... | 51-52 |
| Defendant Harris' Motion for Arrest Histories of Witnesses................................. | 53 |
| Defendant Braxton's Motion to Suppress Evidence............................................... | 54-55 |

Defendant Harris' Motion in Limine/ Notice of the Defense Counsel's
Intent to Introduce the Prior Criminal History of James Williams.......................... 58
                  of Frederick Braxton....................... 59-60

Defendant Braxton's Motion for New Trial.............................................................. 71-72
        Amended Motion for New Trial.............................................................. 87-89
        Taken Under Advisement......................................................................... 90
        Order........................................................................................................ 99-104

Defendant Harris' Motion for New Trial.................................................................. 74-76
        Amended Motion for New Trial.............................................................. 84-86
        Taken Under Advisement......................................................................... 91
        Order........................................................................................................ 94-98

Defendant Braxton's Motion to Suppress Evidence................................................. 77-78
        Taken Under Advisement......................................................................... 79
        Order........................................................................................................ 80-82

Defendant Braxton's Motion to Continue................................................................. 83

Defendant Harris' Notice of Appeal........................................................................ 105-106

Defendant Braxton's Notice of Appeal.................................................................... 109
        Designation of Record............................................................................. 110-111

Motion for Permission to Withdraw......................................................................... 92-93
        Denied...................................................................................................... 107-108

Respited.................................................................................................................... 63-65

State's Notices of Intent to Use Convictions or Prior Bad Acts for
Impeachment Purposes............................................................................................. 8-11
        56-57
State's Notices of Enhanced Punishment................................................................. 12-15

State's Notice of Intent to use Prior Bad Acts Pursuant to Tennessee Rules
of Evidence 404(b)................................................................................................... 16-19
        Stricken.................................................................................................... 32

State's Motion in Limine #1..................................................................................... 61-62

Sentence Imposed..................................................................................................... 68

Verdict...................................................................................................................... 66-67

TRANSCRIPTS OF EVIDENCE AND EXHIBITS FILED UNDER SEPARATE
COVERS

_January_ **TERM, 20**07**, CRIMINAL COURT**

STATE OF TENNESSEE

VS.

NO. 2007-A-732

**LEONARD CARDELL HARRIS, Ct. 1**
**FREDERICK EDWARD BRAXTON, Cts. 1-2**
  **a.k.a. Frederick Frank Brown**

PROSECUTOR: **Terrauce Bradley**          CHARGE:   **Ct. 1 Att. Murder – 1st Degree**
                                                     **Ct. 2 Simple Poss.**

Witness(es) before the Grand Jury:

_John Henry_

**FILED**

The above witness(es) appeared; was/were duly
sworn by me, the foreperson, and gave
testimony before the Grand Jury in the above-
styled cause this 13th day of _March_ .
20 07.

MAR 1 5 2007

DAVID C. TO. PEIRCE
CLERK

BY_____ D.C.

☒ **A TRUE BILL**   ☐ **A NO TRUE BILL**

Foreperson
Davidson County Grand Jury

SUBPOENA THE FOLLOWING WITNESSES FOR THE STATE OF TENNESSEE:
COMPLAINT NO(S): 2006-090683; 2006-090583; 2006-149647

Terrance Bradley, MPD #00006910
James Williams, 703 North 9th Street, Nashville, TN 37206
Kenneth Miller, 549 Clearview Road, Cottontown, TN 37048
Robert Henry, 1070 West Main Street, Hendersonville, TN 37075
Michael Windsor, MPD #00004884
Woodrow Ledford, MPD #00004925
Jason Smith, MPD #00008813
Michael Wilson, MPD #00008947



# INDICTMENT

## State of Tennessee, Davidson County

### COUNT 1

THE GRAND JURORS of Davidson County, Tennessee, duly impaneled and sworn, upon their oath, present that:

**FREDERICK EDWARD BRAXTON a.k.a. FREDERICK FRANK BROWN and LEONARD CARDELL HARRIS**

on the **15**[th] day of **February, 2006**, in Davidson County, Tennessee and before the finding of this indictment, did attempt to **intentionally and with premeditation kill James Williams**, in violation of Tennessee Code Annotated §39-13-202, and against the peace and dignity of the State of Tennessee.

## COUNT 2

THE GRAND JURORS of Davidson County, Tennessee, duly impaneled and sworn, upon their oath, present that:

**FREDERICK EDWARD BRAXTON a.k.a. FREDERICK FRANK BROWN**

on the 17th day of **March, 2006**, in Davidson County, Tennessee and before the finding of this indictment, knowingly did possess or casually exchange **marijuana**, a Schedule **VI** controlled substance, and the controlled substance was not obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, and without any authorization under the law, in violation of Tennessee Code Annotated §39-17-418, and against the peace and dignity of the State of Tennessee.

VICTOR S. JOHNSON III
DISTRICT ATTORNEY GENERAL
TWENTIETH JUDICIAL DISTRICT

IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE

DIVISION I

| STATE OF TENNESSEE | ] | |
|---|---|---|
| VS. | ] | NO. 2007-A-732 |
| FREDERICK BRAXTON | ] | |

## DEFENDANT'S NOTICE OF CONFLICT

The undersigned attorney hereby offer notice to this Honorable Court that there is a conflict in the representation of Frederick Braxton by the Metropolitan Public Defender's Office.

Mr. Braxton has been indicted in the above-referenced case for Attemped First Degree Murder and Simple Possession of a Controlled Substance

The Public Defender's Office has several times represented the complaining witness, James Anthony Williams, most notably in 1997-1998 for a possession of a controlled substance and weapons charge. As counsel anticipates that the defense of the above listed matter will involve impeachment and or attacks upon the credibility of Mr. Williams, counsel believes her continued representation of Mr. Braxton to be in conflict with her continuing duty of loyalty to Mr. Williams.

Undersigned counsel hereby informs this Court of this conflict and requests that this Court to relieve the public defender's office and appoint new counsel for Mr. Braxton.

Respectfully Submitted,

Amy Dawn Harwell
Assistant Public Defender
Tn. Sup. Ct. No.. 18691

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Notice has been delivered to the Office of Amy Eisenbeck, Assistant District Attorney for the State of Tennessee, on this 24 day of May, 2007.

Amy Dawn Harwell

IN THE CRIMINAL COURT OF DAVIDSON COUNTY, TENNESSEE, DIVISION I
MINUTES, MARCH 28, 2007

STATE OF TENNESSEE

VS.                    CASE NO. 2007-A-732

FREDERICK EDWARD BRAXTON

2007-A-732

ARRAIGNMENT

THIS CAUSE IS
CONTINUED
UNTIL APRIL 26,
2007 AT 9:00 AM.

CAME THE ATTORNEY GENERAL WHO PROSECUTES FOR THE STATE WITH THE
DEFENDANT BY VIDEOTAPE, BEING REPRESENTED BY COUNSEL, WHO BEING
ARRAIGNED UPON SAID INDICTMENT PLED NOT GUILTY TO THE SAME, AND A
COPY OF THE INDICTMENT WAS FURNISHED COUNSEL FOR THE DEFENDANT.

THEREUPON, THIS CAUSE IS CONTINUED UNTIL APRIL 26, 2007 AT 9:00 AM.

AMY HARWELL , ATTORNEY FOR DEFENDANT

AMY EISENBECK , ASSISTANT DISTRICT ATTORNEY

 ORDERED THAT COURT STAND ADJOURNED UNTIL IN THE MORNING AT NINE
O'CLOCK.

STEVE DOZIER, JUDGE

IN THE CRIMINAL COURT OF DAVIDSON COUNTY, TENNESSEE, DIVISION I
MINUTES, MARCH 28, 2007

STATE OF TENNESSEE

VS.                          CASE NO. 2007-A-732

LEONARD CARDELL HARRIS

2007-A-732

ARRAIGNMENT

CAME THE ATTORNEY GENERAL WHO PROSECUTES FOR THE STATE AND THE
DEFENDANT IN PERSON, BEING REPRESENTED BY COUNSEL, WHO BEING
ARRAIGNED UPON SAID INDICTMENT PLED NOT GUILTY TO THE SAME, AND A
COPY OF THE INDICTMENT WAS FURNISHED THE DEFENDANT.

THIS CAUSE IS
CONTINUED
UNTIL APRIL 26,
2007 AT 9:00 AM.

THEREUPON, THIS CAUSE IS CONTINUED UNTIL APRIL 26, 2007 AT 9:00 AM.

KARL PULLEY , ATTORNEY FOR DEFENDANT

AMY EISENBECK , ASSISTANT DISTRICT ATTORNEY

ORDERED THAT COURT STAND ADJOURNED UNTIL IN THE MORNING AT NINE
O'CLOCK.

STEVE DOZIER, JUDGE

IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
DIVISION I

2007 NOV 16 PM 2: 47

DAVID C. TGRANCE CLERK
DC

STATE OF TENNESSEE )

)

VS. ) CASE NO: 2007-A-732

)

)

LEONARD C. HARRIS )

## NOTICE OF INTENT TO USE CONVICTIONS
## OR PRIOR BAD ACTS FOR IMPEACHMENT PURPOSES

The Office of the District Attorney General, prosecuting on behalf of the State of

Tennessee, pursuant to Tennessee Rules of Evidence 609 and 405, gives notice of its intent to

use the following acts or convictions for impeachment purposes should the defendant testify in

this cause:

| Offense | Case Number | Court | County | State |
|---------|-------------|-------|--------|-------|
| Possession of Cocaine for Resale | 93-D-1410 | Criminal | Davidson | Tennessee |
| Theft of Property over $500.00 | 93-D-1410 | Criminal | Davidson | Tennessee |
| Tampering with Evidence | 93-D-1410 | Criminal | Davidson | Tennessee |
| Theft of Property under $500.00 | GS186961 (conviction date 9/23/1991) | General Sessions | Davidson | Tennessee |

Respectfully submitted,

Amy H. Eisenbeck
Tenn. Sup. Ct. Reg. #021865
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649
(615) 862-5500

Case 3:20-cv-00251   Document 9-1   Filed 06/08/20   Page 11 of 116 PageID #: 45

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been mailed to Karl Pulley, P.O. Box 68352, Nashville, TN 37206, on this the 15th day of November, 2007.

_Amy Eisenbeal_

IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
DIVISION I

2007 NOV 16 PM 2: 47

DAVID C. TORRENCE CLERK
_____ DC

STATE OF TENNESSEE )
)
VS. ) CASE NO: 2007-A-732
)
)
FREDERICK E. BRAXTON )

## NOTICE OF INTENT TO USE CONVICTIONS
## OR PRIOR BAD ACTS FOR IMPEACHMENT PURPOSES

The Office of the District Attorney General, prosecuting on behalf of the State of Tennessee, pursuant to Tennessee Rules of Evidence 609 and 405, gives notice of its intent to use the following acts or convictions for impeachment purposes should the defendant testify in this cause:

| OFFENSE | Date of Conviction | CASE NUMBER | COURT | COUNTY | STATE |
|---------|--------------------|-----|-------|--------|-------|
| Felony Possession of a Handgun | 1/8/2004 | 2003-C-2042 | Criminal Court Division III | Davidson | Tennessee |
| Possession of Under .5g of Cocaine for Resale | 8/26/2006 | 2005-B-1282 | Criminal Court Division III | Davidson | Tennessee |
| Voluntary Manslaughter | 4/2/2001 | 2000-C-1394 | Criminal Court Division III | Davidson | Tennessee |

Respectfully submitted,

Amy H. Eisenbeck
Tenn. Sup. Ct. Reg. #021865
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649
(615) 862-5500

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been mailed to David Hopkins, 306 Gay Street ste. 307, Nashville, TN 37201, on this the 5th day of November, 2007.

Amy Esenbeck

IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
DIVISION I

STATE OF TENNESSEE )
)
) **2007 NOV 16  PM 2: 47**
VS. ) CASE NO: 2007-A-732 DAVID C. ........CE CLERK
) _____ DC
LEONARD C. HARRIS )

## NOTICE OF ENHANCED PUNISHMENT

The Office of the District Attorney General, prosecuting on behalf of the State of Tennessee,

pursuant to Tennessee Code Annotated §40-35-202, gives notice that at the sentencing hearing it will

seek to have the defendant sentenced to an enhanced punishment pursuant to Tennessee Code Annotated

§40-35-106, et seq. At the sentencing hearing, the State will show the following convictions:

| | Offense | Case Number | Court | County | State |
|---|---|---|---|---|---|
| | Possession of Cocaine for Resale | 93-D-1410 | Criminal | Davidson | Tennessee |
| | Theft of Property over $500.00 | 93-D-1410 | Criminal | Davidson | Tennessee |
| | Tampering with Evidence | 93-D-1410 | Criminal | Davidson | Tennessee |
| | Theft of Property under $500.00 | GS186961 (conviction date 9/23/1991) | General Sessions | Davidson | Tennessee |

Respectfully submitted,

Amy H. Eisenbeck
Tenn. Sup. Ct. Reg. #021865
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649
(615) 862-5500

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been mailed to Karl
Pulley, P.O. Box 68352, Nashville, TN 37206 on this the __15th__ day of ~~September~~ November, 2007.

_Amy Eisenback_

| | |
|---|---|
| STATE OF TENNESSEE | ) |
| | ) |
| | ) |
| VS. | ) CASE NO: 2007-A-732 |
| | ) |
| | ) |
| FREDERICK E. BRAXTON | ) |

*2007 NOV 16 PM 2: 47*

*DAVID C. _____ CE CLERK*

*_____DC*

## NOTICE OF ENHANCED PUNISHMENT

The Office of the District Attorney General, prosecuting on behalf of the State of Tennessee,

pursuant to Tennessee Code Annotated §40-35-202, gives notice that at the sentencing hearing it will

seek to have the defendant sentenced to an enhanced punishment pursuant to Tennessee Code Annotated

§40-35-106, et seq. At the sentencing hearing, the State will show the following convictions:

| OFFENSE | Date of Conviction | CASE NUMBER | COURT | COUNTY | STATE |
|---|---|---|---|---|---|
| Felony Possession of a Handgun | 1/8/2004 | 2003-C-2042 | Criminal Court Division III | Davidson | Tennessee |
| Possession of Under .5g of Cocaine for Resale | 8/26/2006 | 2005-B-1282 | Criminal Court Division III | Davidson | Tennessee |
| Voluntary Manslaughter | 4/2/2001 | 2000-C-1394 | Criminal Court Division III | Davidson | Tennessee |

Respectfully submitted,

Amy H. Eisenbeck
Tenn. Sup. Ct. Reg. #021865
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649
(615) 862-5500

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been mailed to David Hopkins, 306 Gay Street ste. 307, Nashville, TN 37201, on this the 15th day of November, 2007.

IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
DIVISION I

2007 NOV 16 PM 2: 47

STATE OF TENNESSEE )
)                                        DAVID C. _____ CLERK
)                                                              DC
VS.                            ) CASE NO: 2007-A-732
)
)
LEONARD C. HARRIS
FREDERICK BRAXTON )

## NOTICE OF INTENT TO USE PRIOR BAD ACTS
## PURSUANT TO TENNESSEE RULE OF EVIDENCE 404(b)

The Office of the District Attorney General, prosecuting on behalf of the State of
Tennessee, hereby gives notice of its intent to present testimony regarding the following prior
bad acts and relevant information in support thereof in its case in chief:

1.      The victim in this case is named James Williams. Williams spoke with an
associate of his who told him that Cardell Harris wrongfully kept the
associate's money after a drug deal. The associate mentioned to Williams
that people should not deal with Harris.

2.      Williams then relayed this information to Frederick Braxton's brother
named Reginald, but who has a nick name of "RoRo". An hour after
Williams relayed this information to "RoRo" unknown males pulled up in
an Expedition and began shooting at Williams. Twenty five to thirty
rounds were fired, however Williams was not stricken.

3.        The day before Father's Day, 2005, in an unrelated incident, "RoRo" was shot. Shortly after that shooting, an unknown person caused a fire to start on Williams' girlfriend's vehicle.

4.        On July 3, 2005, a friend of Williams was having a birthday party at a club called Super D's on West Trinity Lane. On that date, Williams saw Braxton and an unknown person sitting in a white car parked on Trinity Lane where the occupants of that car could see the cars coming in and out of the club. Williams saw Braxton on the passenger side of the car. The car Braxton was in tried to block Williams' car from leaving the parking lot. Williams pulled off from the location at a high rate of speed. Braxton and the unknown driver chased Williams at a high rate of speed until Williams' car wrecked at Stewart's Ferry Pike. Williams' car was totaled. Williams called for a ride and members of his family came to pick him up and arrived in two separate vehicles. Williams switched vehicles. The other vehicle (the one that Williams was not in) was shot sixteen times by an unknown person. Williams' sister, two children, and his sister's boyfriend were in that vehicle. A bullet grazed Williams' son's leg.

5.        On October 16, 2005 at approximately 10:00 p.m., Williams was driving down Gallatin Road and noticed that a white Ford Focus was following him. Williams made a couple of turns and sped up in an attempt to evade the Focus. Eventually, Williams jumped out and hid in some bushes. Williams called his brother to come and pick him up, but the Focus kept circling around Williams. Williams went to his brother's residence for a

couple of hours. When Williams got home, he parked his car and saw Harris jump from the breezeway and begin shooting at Williams. Williams was shot in the foot. Williams ran and hid under a truck in the parking lot. He heard his attackers leave. There were a total of three individuals, including Harris involved in this incident. Braxton was not present.

Respectfully submitted,

Amy H. Eisenbeck
Tenn. Sup. Ct. Reg. #021865
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649
(615) 862-5500

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been mailed to David Hopkins, 306 Gay Street, Ste. 307, Nashville, TN 37201, and Karl Pulley, P.O. Box 68352, Nashville, TN 37206 on this the _5_ day of ~~September,~~ November 2007.

| STATE OF TENNESSEE, | ) | DAVID C. TOALL ... CLERK |
|---|---|---|
| | ) | |
| vs. | ) | No. 2007-A-732 ———— ___DC |
| | ) | |
| FREDERICK BRAXTON. | ) | |

## MOTION TO CONTINUE TRIAL

COMES NOW the Defendant. **Frederick Braxton,** by and through counsel. and respectfully moves this Honorable Court to continue the trial in the above-styled case, and for cause would show unto this Court as follows:

1. The above-styled case is set for trial on November 26, 2007.

2. On November 20. 2007. counsel for defendant received a Tennessee Rule of Evidence 404(b) motion from the state, wherein the state is attempting to introduce evidence from three separate incidents allegedly involving the defendant or his co-defendant.

3. Counsel will not be prepared for trial on November 26. 2007. or to adequately prepare a response to the state's motion, because counsel will not have time to investigate the incidents listed hereinabove.

4. Counsel for defendant will be out of town on November 23 and 24. and possibly the 25, 2007. to attend a funeral in another state.

5. The co-defendant in this case. Leonard Harris, is represented by attorney Karl Pulley, who not only does not oppose this motion, but is also seeking a continuance in this case as well.

WHEREFORE, the Defendant, Frederick Braxton. respectfully moves this Honorable Court to continue the trial in this case for the above listed reasons.

Respectfully submitted,

David M. Hopkins, Attorney at Law
Sup. Ct. No. 20134
306 Gay St., Suite 307
Nashville, Tennessee 37201
(615) 356-4500
Attorney for **Frederick Braxton**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21ˢᵗ day of November, 2007, a true and exact copy of the previous Motion has been hand delivered, via the Davidson County Clerk's Office, to the Office of the District Attorney, 222 Second Avenue North, Suite 500, Nashville, Tennessee, 37201.

David M. Hopkins, Attorney at Law

IN THE CRIMNAL COURT FOR DAVIDSON COUNTY, TENNESSEE
DIVISION I

| | |
|---|---|
| STATE OF TENNESSEE | ) |
| | ) |
| VS. | ) CASE NO. 2007-A-732 |
| | ) |
| LEONARD C. HARRIS | ) |
| | ) |

## NOTICE OF ALIBI

Comes now the Defendant, by and through his counsel and respectfully gives the State of Tennessee notice of his intent to introduce alibi testimony at trial. In support of the Notice the Defendant states the following:

1.  That on the date and time the alleged offense occurred, the Defendant was located at his residence. The address is 102 Lindsey Avenue, Goodlettsville, Tennessee 37072.
2.  The witnesses the defense intends to call at trial to establish said alibi are Pamela J. Harris (615) 578-4818. The address is the same as above. The second witness the defense intends to call at trial is Willie B. Sweat (615) 739-2160. The address is the same as above.
3.  That Lamont E. Harris (615) 522-6979 is an additional witness the defense intends to call in its case in chief. His address is 1500 Porter Road, Nashville, Tennessee 37206.

Respectfully Submitted:

Karl E. Pulley BPR#12761
Attorney for the Defendant
P.O. Box 68352
Nashville, TN 37206
(615) 474-7826

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Notice was hand delivered to Amy Eisenbeck Assistant District Attorney General on this the 21st day of November 2007.

Karl E. Pulley

IN THE CRIMINAL COURT OF DAVIDSON COUNTY, TENNESSEE, DIVISION  I
MINUTES, NOVEMBER 26, 2007

STATE OF TENNESSEE

VS.                         CASE NO. 2007-A-732

FREDERICK EDWARD BRAXTON

CAME THE ATTORNEY GENERAL WHO PROSECUTES FOR THE STATE AND THE
DEFENDANT IN PERSON, BEING REPRESENTED BY COUNSEL.

2007-A-732

DEFENSE
MOTION TO
CONTINUE
JURY TRIAL IS
GRANTED

THEREUPON, THIS CAUSE CAME ON TO BE HEARD BY THE COURT UPON DEFENSE
MOTION TO CONTINUE JURY TRIAL; AFTER DUE CONSIDERATION AND ALL THE
EVIDENCE INTRODUCED, SAID MOTION IS GRANTED AND THIS CAUSE IS
CONTINUED UNTIL APRIL 14, 2008 AT 9:00 AM.

DAVID HOPKINS , ATTORNEY FOR DEFENDANT

AMY EISENBECK , ASSISTANT DISTRICT ATTORNEY

ORDERED THAT COURT STAND ADJOURNED UNTIL IN THE MORNING AT NINE
O'CLOCK.

STEVE DOZIER, JUDGE

# IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
# DIVISION I

STATE OF TENNESSEE, )
)
V. ) CASE NO. **2007-A-732**
)
FREDERICK BRAXTON. )

## NOTICE OF ALIBI

Comes now the defendant, Frederick Braxton, by and through counsel, and pursuant to Tennessee Rule of Criminal Procedure 12.1 (A) and (C) and submits this Notice of Alibi in count one of the indictment in the above-styled case:

1.  The defendant was at the residence of Derrica Christman, 134 N. 7th Street, Nashville, Tennessee, on February 15, 2006, at approximately 5:00 p.m., at the time of the alleged shooting in the above-styled case. Ms. Christman's current address is 2719A Jones Avenue, Nashville, Tennessee, 37207.

2.  Further, Jahmeela Christman, the daughter of Derrica Christman was also present and resided with Derrica Christman at the aforementioned address at the time of the alleged shooting.

3.  Also present with the defendant at the time of alleged shooting was Pamela Owens and Jasmine Buford, who now reside at 1362 14th Avenue South, Nashville, Tennessee.

4.  Octavious Sawyers, who now resides at 1339 12th Avenue South, Nashville, Tennessee, was a neighbor of Derrica and Jahmeela Christman at the time of the alleged shooting and was with defendant at the time of the alleged shooting.

Respectfully submitted,

David M. Hopkins BPR#020134
306 Gay St., Suite 307
Nashville, TN 37201
(615) 356-4500
Attorney for Frederick Braxton

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Notice has been hand-delivered to Amy Eisenbeck, Assistant District Attorney, Washington Square, Suite 500, 222 Second Ave. North, Nashville, TN 37201-1649, on this the 26th day of November, 2007.

David M. Hopkins

# IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
## DIVISION I

STATE OF TENNESSEE,       )
                          )
V.                        )       CASE NO. 2007-A-732
                          )
FREDERICK BRAXTON.        )

## MOTION IN LIMINE NO. ONE
## (MOTION TO EXCLUDE EVIDENCE NOT PROVIDED IN DISCOVERY)

Comes now the defendant. Frederick Braxton, by and through counsel, and respectfully moves this Honorable Court, pursuant to Tennessee Rule of Criminal Procedure 16(a) and (d). to exclude any evidence. documentary proof and/or witnesses that should have been disclosed pursuant to the defendant's request for discovery and which has not been disclosed to defendant prior to trial.

Respectfully submitted.

David M. Hopkins. BPR#020134
306 Gay St., Suite 307
Nashville, TN 37201
(615) 356-4500
Attorney for Frederick Braxton

## CERTIFICATE OF SERVICE
I hereby certify that a true and exact copy of the foregoing motion has been hand-delivered to Amy Eisenbeck. Assistant District Attorney. Washington Square. Suite 500, 222 Second Ave. North, Nashville, TN 37201-1649, on this the 26th day of November, 2007.

David M. Hopkins

# IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
## DIVISION I

STATE OF TENNESSEE,          )
                             )
V.                           )      CASE NO. 2007-A-732
                             )
FREDERICK BRAXTON.           )

## MOTION IN LIMINE NO.TWO
### ("JENCKS" MOTION)

Comes now the defendant, Frederick Braxton, by and through counsel, and respectfully moves this Honorable Court to require the State to provide those witness statements which the State is required to provide under T.C.A. § 40-7-120 out of the presence of the jury so as to comport with the Due Process Clause of the 14th Amendment to the United States Constitution. *See generally*, United States v. Gardin, 382 F.2d 601 (2nd Cir. 1967); United States v. Curry, 512 F.2d 1299, 1302-1303 (4th Cir. 1975). Furthermore, the defendant moves to be allowed sufficient time to read the statements out of the presence of the jury, as due process requires. *See generally*, United States v. Hinton, 613 F.2d 769 (D.C. Cir. 1980).

Respectfully submitted,

David M. Hopkins, BPR #20134
306 Gay St., Suite 307
Nashville, TN 37201
(615) 356-4500
Attorney for Frederick Braxton

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing motion has been hand-delivered to Amy Eisenbeck, Assistant District Attorney, Washington Square, Suite 500, 222 Second Ave. North, Nashville, TN 37201-1649, on this the 26th day of November, 2007.

David M. Hopkins

Case 3:20-cv-00251 Document 9-1 Filed 06/08/20 Page 30 of 116 PageID #: 64

# IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
## DIVISION I

STATE OF TENNESSEE,          )
                             )
V.                           )     CASE NO. 2007-A-732
                             )
FREDERICK BRAXTON.           )

## MOTION IN LIMINE NO. THREE
## (EXCLUSION OF WITNESSES)

Comes now the defendant, Frederick Braxton, by and through counsel, and moves this Honorable Court to exclude all witnesses including rebuttal witnesses prior to voir dire. The defendant further moves this Court to **ORDER** all persons not to disclose by any means to excluded witnesses any prior testimony or exhibits created in the courtroom by a prior witness. This motion is made pursuant to Rule 615 of the Tennessee Rules of Evidence.

Respectfully submitted,

David M. Hopkins, BPR#020134
306 Gay St., Suite 307
Nashville, TN 37201
(615) 356-4500
Attorney for Frederick Braxton

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing motion has been hand-delivered to Amy Eisenbeck, Assistant District Attorney, Washington Square, Suite 500, 222 Second Ave. North, Nashville, TN 37201-1649, on this the 26th day of November, 2007.

David M. Hopkins

# IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
## DIVISION I

STATE OF TENNESSEE,        )
                           )
V.                         )        CASE NO. 2007-A-732
                           )
FREDERICK BRAXTON.         )

## MOTION IN LIMINE NO. FOUR
### (MOTION TO PROHIBIT IMPEACHMENT OF THE DEFENDANT WITH PAST CONVICTIONS)

Comes now the defendant, Frederick Braxton, by and through counsel, pursuant to Tennessee Rule of Evidence 609 and respectfully moves this Honorable Court to **PROHIBIT** the State from questioning, for impeachment purposes, Mr. Braxton regarding any convictions that may be on his record. NONE of the convictions that are on Mr. Braxton's record should be used against him for impeachment purposes. The convictions which are not grounds for impeachment, and the reason(s) why not follow:

**Group A: Convictions for misdemeanors that are not crimes of dishonesty (violating TRE 609(a)):**

| | | |
|---|---|---|
| 2003-C-2042 | Reckless Driving | 03/29/2006 |
| SC655833 | Trespass | 09/16/2005 |
| SC499848 | Suspended Driver's License | 03/11/2005 |
| SC622942 | Suspended Driver's License | 02/18/2005 |
| SC618710 | Suspended Driver's License | 02/18/2005 |
| SC481713 | Suspended Driver's License | 05/04/2004 |
| SC46249A | Suspended Driver's License | 11/20/2003 |
| N509236 | Trespass | 11/03/1999 |
| N803117 | Trespass | 05/24/1999 |
| N471460 | Simple Possession of Marijuana | 08/19/1998 |
| SC279969 | Trespass | 06/17/1998 |
| SC213274 | Driving on Revoked License | 12/01/1997 |
| N431257 | Possession of Gambling Device | 12/01/1997 |

**Group B:** **Convictions that are felonies, within ten-years, but whose prejudicial value outweighs any probative impeachment value and would lead to conclusions regarding the defendants PROPENSITY for criminal activity (violating TRE 403 and 404):**

| 2005-B-1282 | Possession Sch. II for Resale | 08/24/2006 |
| 2003-C-2042 | Felon in Possession of Handgun | 03/29/2006 |
| 2000-C-1394 | Voluntary Manslaughter | 04/02/2001 |

IF, this Honorable Court believed that those convictions in Group B should be admitted as impeachment: then the defendant would humbly MOVE that the exact nature of the convictions be withheld from the jury, and that the defendant be asked simply, "You have been convicted of a felony, carrying a penalty of greater than one-year in prison." Further, the defendant would MOVE that the jury be IMMEDIATELY instructed that the issue of the defendant's past convictions are only to be considered in determining his truthfulness and that this evidence is not to be considered proof of his guilt on the present charges.

Respectfully submitted,

David M. Hopkins. BPR#020134
306 Gay St., Suite 307
Nashville, TN 37201
(615) 356-4500
Attorney for Frederick Braxton

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing motion has been hand-delivered to Amy Eisenbeck, Assistant District Attorney, Washington Square, Suite 500, 222 Second Ave. North, Nashville. TN 37201-1649, on this the 26th day of November, 2007.

David M. Hopkins

# IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
## DIVISION I

STATE OF TENNESSEE, )
)
V. ) CASE NO. 2007-A-732
)
FREDERICK BRAXTON. )

## MOTION IN LIMINE NO. FIVE
## (MOTION TO STRIKE DEFENDANT'S ALIAS FROM INDICTMENT)

Comes now the defendant, Frederick Braxton, by and through counsel, and respectfully moves this Honorable Court to strike any mention of an alias or "a.k.a." from the indictment read to and presented to the jury in this case, and to caution any witness from mentioning to the jury any prior use of an alias by Mr. Braxton. Any mention of an alias would be irrelevant pursuant to Tennessee Rule of Evidence 401 and would constitute inadmissible character and/or propensity evidence pursuant to Tennessee Rule of Evidence 404.

Respectfully submitted,

David M. Hopkins. BPR#020134
306 Gay St., Suite 307
Nashville, TN 37201
(615) 356-4500
Attorney for Frederick Braxton

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing motion has been hand-delivered to Amy Eisenbeck, Assistant District Attorney, Washington Square, Suite 500, 222 Second Ave. North, Nashville, TN 37201-1649, on this the 26th day of November, 2007.

David M. Hopkins

IN THE CRIMINAL COURT OF DAVIDSON COUNTY, TENNESSEE, DIVISION I
MINUTES, JANUARY 22, 2008

STATE OF TENNESSEE

VS.                          CASE NO. 2007-A-732

FREDERICK EDWARD BRAXTON

2007-A-732

CAME THE ATTORNEY GENERAL WHO PROSECUTES FOR THE STATE AND THE
DEFENDANT IN PERSON, BEING REPRESENTED BY COUNSEL.

404(B) MOTION
IS STRICKEN

THEREUPON, THIS CAUSE CAME ON TO BE HEARD BY THE COURT UPON A 404(B)
MOTION; AFTER DUE CONSIDERATION AND ALL THE EVIDENCE INTRODUCED,
SAID MOTION IS STRICKEN.

DAVID HOPKINS , ATTORNEY FOR DEFENDANT

AMY EISENBECK , ASSISTANT DISTRICT ATTORNEY

ORDERED THAT COURT STAND ADJOURNED UNTIL IN THE MORNING AT NINE
O'CLOCK.

STEVE DOZIER, JUDGE

$2 \cdot 6 \cdot 08$ $u/A$

# IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
## DIVISION I

2008 FEB -6 PM 12: 56

DAVID C. TOWENCE CLERK
$\mathcal{W}$ ____DC

STATE OF TENNESSEE,          )
                             )
vs.                          )          No. 2007-A-732
                             )
FREDERICK BRAXTON.           )

## SECOND MOTION TO CONTINUE TRIAL

COMES NOW the Defendant, **Frederick Braxton,** by and through counsel, and respectfully moves this Honorable Court to continue the trial in the above-styled case, and for cause would show unto this Court as follows:

1. The above-styled case is set for trial on April 14, 2008. It was previously set for trial on November 26, 2007, and was continued from that date to the current trial date.

2. Counsel has another case set for trial on April 14, 2008, wherein the defendant is incarcerated and is charged with second degree murder. (State v. Charles Neeley, 2006-D-3380, Division Two Criminal Court).

3. Counsel for defendant will be unable to try both cases simultaneously, and therefore requests that this matter be reset to another trial date. Both defendant and co-defendant in this case are on bond.

4. The co-defendant in this case, Leonard Harris, is represented by attorney Karl Pulley, who does not oppose this motion.

WHEREFORE, counsel for the Defendant, Frederick Braxton, respectfully moves this Honorable Court to continue the trial in this case for the above listed reasons.

Respectfully submitted,

David M. Hopkins, Attorney at Law
Sup. Ct. No. 20134
306 Gay St., Suite 307
Nashville, Tennessee 37201
(615) 356-4500
Attorney for **Frederick Braxton**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of February, 2008, a true and exact copy of the previous Motion has been hand delivered, via the Davidson County Clerk's Office, to the Office of the District Attorney, 222 Second Avenue North, Suite 500, Nashville, Tennessee, 37201.

David M. Hopkins, Attorney at Law

IN THE CRIMINAL COURT OF DAVIDSON COUNTY, TENNESSEE, DIVISION I
MINUTES, MARCH 27, 2008

STATE OF TENNESSEE

VS.                    CASE NO. 2007-A-732

FREDERICK EDWARD BRAXTON

2007-A-732

CAME THE ATTORNEY GENERAL WHO PROSECUTES FOR THE STATE AND THE
DEFENDANT IN PERSON, BEING REPRESENTED BY COUNSEL.

SECOND
MOTION TO
CONTINUE
JURY TRIAL IS
GRANTED

THEREUPON, THIS CAUSE CAME ON TO BE HEARD BY THE COURT UPON A SECOND
MOTION TO CONTINUE JURY TRIAL; AFTER DUE CONSIDERATION AND ALL THE
EVIDENCE INTRODUCED, SAID MOTION IS GRANTED.

THEREUPON, THIS CAUSE IS CONTINUED UNTIL AUGUST 18, 2008 AT 9:00 AM JURY
TRIAL.

DAVID HOPKINS , ATTORNEY FOR DEFENDANT

AMY EISENBECK , ASSISTANT DISTRICT ATTORNEY

ORDERED THAT COURT STAND ADJOURNED UNTIL IN THE MORNING AT NINE
O'CLOCK.

STEVE DOZIER, JUDGE

**IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE**
**DIVISION I**

STATE OF TENNESSEE, )
8·18·08 )
vs. ) **No. 2007-A-732**
)
FREDERICK BRAXTON. )

---

**NOTICE OF CONFLICT AND MOTION TO BE RELIEVED**

---

COMES NOW the undersigned counsel for the Defendant, **Frederick Braxton,**

and gives notice of a conflict of interest in his continued representation of the Defendant,

and respectfully moves this Honorable Court to allow him to withdraw from further

representation of the Defendant, and would show unto the Court as follows:

1. The above-styled case is set for trial on August 18, 2008.

2. This case was previously set for trial on two prior occasions.

3. In preparation for trial, Counsel for defendant again researched the

    background of the alleged victim in this case, James Hayward Williams,

    and on August 15, 2008, discovered that he represented Mr. Williams on

    March 19, 2008, on a community corrections violation that stemmed from

    a felony weapon conviction.

4. The felony weapon conviction, in addition to being an impeachable

    offense, would also be a fact Mr. Braxton would potentially ask Mr.

    Williams about in cross-examination, as well as the fact he was reinstated

    to community corrections.

5. Continued representation of Mr. Braxton would require counsel to cross-

    examine a former client about convictions on which Counsel represented

    him, and therefore creates an un-resolvable conflict of interest. Counsel

has consulted with the Board of Professional Responsibility, and was

·advised to withdraw from continued representation of the Defendant.

WHEREFORE, counsel for the Defendant, respectfully moves this Honorable

Court to relieve him from further representation of the Defendant for the above listed

reasons.

Respectfully submitted.

David M. Hopkins, Attorney at Law
Sup. Ct. No. 20134
306 Gay St., Suite 307
Nashville, Tennessee 37201
(615) 356-4500
Attorney for **Frederick Braxton**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of August, 2008, a true and exact copy of
the previous Motion has been hand delivered, via the Davidson County Clerk's Office, to
the Office of the District Attorney, 222 Second Avenue North, Suite 500, Nashville,
Tennessee, 37201.

David M. Hopkins, Attorney at Law

IN THE CRIMINAL COURT OF DAVIDSON COUNTY, TENNESSEE, DIVISION I
MINUTES, AUGUST 18, 2008

STATE OF TENNESSEE

VS.                              CASE NO. 2007-A-732

FREDERICK EDWARD BRAXTON

2007-A-732

CAME THE ATTORNEY GENERAL WHO PROSECUTES FOR THE STATE AND THE
DEFENDANT IN PERSON, BEING REPRESENTED BY COUNSEL.

MOTION TO BE
RELIEVED IS
GRANTED

THEREUPON, THIS CAUSE CAME ON TO BE HEARD BY THE COURT UPON MOTION
TO RELIEVE DAVID HOPKINS AS ATTORNEY ; AFTER DUE CONSIDERATION AND
ALL THE EVIDENCE INTRODUCED, SAID MOTION IS GRANTED AND THIS CAUSE IS
CONTINUED UNTIL OCTOBER 13, 2008 AT 9:00 AM. FOR JURY TRIAL.

LEE SPROUSE , ATTORNEY FOR DEFENDANT

J. WESLEY KING , ASSISTANT DISTRICT ATTORNEY

ORDERED THAT COURT STAND ADJOURNED UNTIL IN THE MORNING AT NINE
O'CLOCK.

STEVE DOZIER, JUDGE

**IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE**
**DIVISION 1**

STATE OF TENNESSEE

v.                                                                    2007-A-732

FREDERICK BRAXTON

## MOTION TO SEVER COUNTS

Comes now the defendant, Frederick Braxton, by and through counsel, Lee Sprouse, pursuant to Tenn. R. Crim. P. 14(b), and respectfully requests this Honorable Court Sever Count One from Count Two of the indictment in the above styled case. In support of said Motion, Mr. Braxton would offer the following:

On February 15, 2006, James Williams was shot a number of times. He named Mr. Braxton as one of the shooters. In a totally unrelated incident, Mr. Braxton was arrested by officers serving an arrest warrant for a probation violation. A search incident to the arrest of Mr. Braxton revealed 2.6 grams of marijuana on his person. The two offenses are charged in the same indictment.

The defendant is entitled to severance because the various offenses are not part of a common scheme or plan **and** because the evidence of the offenses contained in Count 1 of the indictment would not be admissible in a trial for Court 2, and vice versa. In *State v. Hallock*, 875 S.W.2d 285 (Tenn. Cr. App. 1993), the Court indicated that under Tenn. R. Crim. P. 14(b), a defendant has an absolute right to a severance unless the Court finds that: (1) the offenses are part of a common scheme or plan and (2) the evidence of one would be admissible at the trial of the other.

The Tennessee Supreme Court, in State v. Moore, 6 S.W.3d 235, 241 (Tenn.

1999) *citing* State v. Peacock, 638 S.W.2d 837 (Tenn. Crim. App. 1982), addressed this

issue succinctly stating:

> In order for offenses to be "part of a common scheme or plan," the offenses must be so similar in modus operandi and occur within such a relatively close proximity of time and location to each other that there can be little doubt that the offenses were committed by the same person. "The mere fact that a defendant has committed a series of armed robberies, or a series of rapes, or a series of other crimes does not mean that they are part of a common scheme or plan although the offenses may be of the 'same or similar character.'"

In the present case, the State has joined a First Degree Attempted Homicide and a simple

possession of marijuana that occurred a month later. These offenses are not similar.

They are not part of a common plan or scheme, the evidence of one crime is not relevant

and therefore inadmissible to the other, and therefore should be severed.

Respectfully Submitted,

**LEE SPROUSE**, No. 025082
Attorney for Defendant
1308 Rosa L. Parks Boulevard
Nashville, Tennessee 37208
(615) 254-0202

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion to Suppress

Evidence has been provided to the Honorable J. Wesley King, Assistant District

Attorney, 222 Second Avenue North, Suite 5000, Nashville, Tennessee 37201 on this the

2nd day of August, 2008.
September

**LEE SPROUSE**

**IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE**

**DIVISION I**

2008 OCT -3 PM 2: 55

**STATE OF TENNESSEE**

**VS.**                                    **CASE NO. 2007-A-732**

**LEONARD C. HARRIS**

**MOTION IN LIMINE/NOTICE OF THE DEFENSE COUNSEL'S INTENT TO INTRODUCE THE PRIOR CRIMINAL HISTORY OF FREDERICK EDWARD BRAXTON**

Comes now the Defendant, by and through his counsel, and respectfully gives the State of Tennessee notice of his intent to introduce the prior Convictions or Prior Bad Acts of the referenced Co-Defendant. In support of the Motion the Defendant states the following:

1. Domestic Assault : GS-183862
2. Reckless Endangerment (Felony): GS-190221
3. Alteration of Item's Distinguishing Numbers: GS-190222
4. Unlawful Possession Of A Weapon
5. Weapon- commission of Offense While Wearing a Body Vest: 190226
6. Unlawful Possession of A Weapon: GS-261456
7. Tampering With Evidence: GS-262454
8. Incident Number 06-149647/Broderick E. Jones Reporting Officer

This Notice is given pursuant Tennessee Rules of Evidence 609 and 405 for impeachment purposes and in order to adequately defend Mr. Harris.

**CERTIFCATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing Motion/Notice was delivered to J. Wesley King III Assistant District Attorney General on this 3rd day of October 2008 and Lee Sprouse, Attorney for Frederick Braxton.

Karl E. Pulley

Case 3:20-cv-00251   Document 9-1   Filed 06/08/20   Page 44 of 116 PageID #: 78

COMPLAINT NUMBER  2004-414416          WARRANT NUMBER: GS183º½2

PROSECUTOR: Tamasoa Juanita Patton
DEFENDANT: James L Williams
VICTIM: Tamasoa Juanita Patton

## STATE OF TENNESSEE, COUNTY OF DAVIDSON
### AFFIDAVIT
### **DOMESTIC ASSAULT**
### **T.C.A. 39-13-111**

Personally appeared before me, the undersigned [Select one] __ X  Commissioner ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that [Select one] ___ he __X_ she [Select one] __X_ personally observed ___ has probable cause to believe that the defendant named above on 08/12/2004 in Davidson County, did unlawfully [Select one] __X_ intentionally, knowingly, or recklessly cause bodily injury to the victim, a family or household member, named above OR ___ intentionally or knowingly cause the victim, a family or household member, named above to reasonably fear imminent bodily injury; OR ___ intentionally or knowingly cause physical contact with the victim, a family or household member, named above and a reasonable person would regard the contact as extremely offensive or provocative and **the probable cause is as follows: On the above date at 703 North 9th St. in Nashville Davidson County Tennessee James Williams assaulted me. I asked James to get out of my car repeatedly and he finally did. He started hitting me in the face causing my left eye to bruise, chipping a tooth also. He pulled some of my hair out, ripped my clothes and scratched my chest.**

Prosecutor: Tamasoa Juanita Patton
            2103 Ridgecrest Dr.

            Nashville, Tennessee 37216
            615 226-5506

Sworn to and subscribed before me on 08/15/2004 10:06:57

Howard Taradash
Judge of the Metropolitan General Sessions Court/Commissioner

Case 3:20-cv-00251  Document 9-1  Filed 06/08/20  Page 45 of 116 PageID #: 79

Page 1 of 1

PROSECUTOR: Marcus D Ryherd
DEFENDANT: James H Williams JR
VICTIM:

## STATE OF TENNESSEE, COUNTY OF DAVIDSON
### AFFIDAVIT
### RECKLESS ENDANGERMENT (FELONY)
### T.C.A. 39-13-103

Personally appeared before me, the undersigned [Select one] _x_ Commissioner __ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that [Select one] _x_ he ___ she [Select one] ___ personally observed _x_ has probable cause to believe that the defendant named above on 10/06/2004 in Davidson County did unlawfully and recklessly engage in conduct, which placed or may have placed the victim named above, in imminent danger of death or serious bodily injury and the defendant named above committed the offense with a deadly weapon. *The probable cause is as follows*:

      Defendant was observed placing two objects down next to a bush near 107 North 6th Street. The two objects were retrieved by police. One was a Glock 19 9mm. The other a Charter Arms .38 revolver. Both guns were loaded. 107 North 6th Street is located in Parkway Terrace. Parkway Terrace is apartments ran by MDHA. The apartments are multi-family arpartments.

Prosecutor: Marcus D Ryherd 0000008939
                200 James Robertson Parkway
                Nashville, Tennessee 37201

Sworn to and subscribed before me on 10/07/2004 01:41:42

Steve Holzapfel
Judge of the Metropolitan General Sessions Court/Commissioner

Case 3:20-cv-00251 Document 9-1 Filed 06/08/20 Page 46 of 116 PageID #: 80

PROSECUTOR: Marcus D Ryherd
DEFENDANT: James H Williams JR
VICTIM:

### STATE OF TENNESSEE, COUNTY OF DAVIDSON
### AFFIDAVIT
Alteration of Item's Distinguishing Numbers
39-14-134

Personally appeared before me, the undersigned, **[Select one]** __x__ Commissioner __ __ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that **[Select one]** __x__ he ___ she **[Select one]** ___ personally observed __x__ has probable cause to believe that the defendant named above on 10/06/2004 in Davidson County, *did unlawfully* **[Enter brief description of the offense]** defendant was in possession of a handgun which the serial number plate had been removed and that *the probable cause is as follows*:

Defendant was arrested for unlawful possession of a handgun. A check of the handgun should that the serial number plate on the Glock had been removed. The plate is suppose to be located on the bottom of the pistol's upper receiver.

Prosecutor: Marcus D Ryherd  0000008939
                200 James Robertson Parkway
                Nashville, Tennessee 37201

Sworn to and subscribed before me on 10/07/2004 01:42:47.

Steve Holzapfel
Judge of the Metropolitan General Sessions Court/Commissioner

COMPLAINT NUMBER: 2004-512841          WARRANT NUMBER: GS19??25

PROSECUTOR: Marcus D Ryherd
DEFENDANT:  James H Williams JR
VICTIM:

## STATE OF TENNESSEE, COUNTY OF DAVIDSON
### AFFIDAVIT
### UNLAWFUL POSSESSION OF A WEAPON
### (FELON IN POSSESSION OF A HANDGUN)
### T.C.A. 39-17-1307

Personally appeared before me, the undersigned, **[Select one]** _x_ Commissioner, ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that **[Select one]** _x_ he ___ she **[Select one]** ___ personally observed _x_ has probable cause to believe that the defendant named above on 10/06/2004 in Davidson County, **[Select one]** ___ having been convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon _x_ having been convicted of a felony drug offense, intentionally, knowingly, or recklessly did possess a handgun, and *the probable cause is as follows*:

Police were conducting a walk through of Parkview Terrace, MDHA property. During the walk through police observed three male blacks hanging around in front of 107 North 6th Street. As Officer Ryherd approached the individuals the defendant walked away and turned the corner of the apartment building, out of Officer Ryherd's view. Officer Pilarski had positioned himself on the end of the adjacent building. Officer Pilarski observed the defendant stop next to a bush. The defendant then reached into the front of his pants and pulled two objects out. The defendant then bent over next to the bush and place the objects on the ground. The defendant then walked back around the corner. Police went to where the defendant was observed placing the objects. Police recovered two hand guns. One was a Glock Model 19, serial number BHT848. The Glock had a 30 round magazine. The Glock had one round in the chamber and 16 rounds in the magazine. The other handgun was a Charter Arms .38 revolver, serial number 650273. The Charter Arms had 5 rounds in the cylinder. The defendant has a Felony Drug conviction dated 08-18-1994.

Prosecutor: Marcus D Ryherd  0000008939
            200 James Robertson Parkway
            Nashville, Tennessee 37201

Sworn to and subscribed before me on 10/07/2004 01:45:30.

Steve Holzapfel
Judge of the Metropolitan General Sessions Court/Commissioner

COMPLAINT NUMBEP: 2004-512841          WARRANT NUMBER: GS190026

PROSECUTOR: Marcus D Ryherd
DEFENDANT: James H Williams JR
VICTIM:

## STATE OF TENNESSEE, COUNTY OF DAVIDSON
### AFFIDAVIT
Weapon - Commission of Offense while Wearing a Body Vest
39-17-1323

Personally appeared before me, the undersigned, **[Select one]** _x_ _ Commissioner ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that **[Select one]** _x_ he ___ she **[Select one]** _x_ personally observed ___ has probable cause to believe that the defendant named above on 10/07/2004 in Davidson County, *did unlawfully* **[Enter brief description of the offense]** wear a bullet-proof vest while armed  and that *the probable cause is as follows*:

Defendant was arrested for Felon in possession of a weapon. During a search in the booking area of the CJC police found the defendant was wearing body armor. Defendant is a convicted felon.

------------------------------------------------

Prosecutor: Marcus D Ryherd   0000008939
              200 James Robertson Parkway
              Nashville, Tennessee 37201

Sworn to and subscribed before me on 10/07/2004 02:06:31.

------------------------------------------------

Steve Holzapfel
Judge of the Metropolitan General Sessions Court/Commissioner

PROSECUTOR: Bradley T Bracey
DEFENDANT: James H Williams
VICTIM:

## STATE OF TENNESSEE, COUNTY OF DAVIDSON
### AFFIDAVIT
### UNLAWFUL POSSESSION OF A WEAPON
### (FELON IN POSSESSION OF A HANDGUN)
### T.C.A. 39-17-1307

Personally appeared before me, the undersigned, **[Select one]** _x_ Commissioner, ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that **[Select one]** _x_ he ___ she **[Select one]** _x_ personally observed ___ has probable cause to believe that the defendant named above on 03/16/2006 in Davidson County, **[Select one]** ___ having been convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon _x_ having been convicted of a felony drug offense, intentionally, knowingly, or recklessly did possess a handgun, and **the probable cause is as follows**:

I stopped vehicle for a seatbelt violation at S 5th at Woodland. As police approached the vehicle the vehicle sped off. The vehicle went down Woodland and got on I 24 south. As the vehicle was getting on the ramp it appeared that a black object came out the window. The vehicle finally stopped in the curve at the I24, 40 split. Once the suspect was in custody, I gave police the location where to look for the object. A loaded, black, Para Ordinance 45 caliber was located. The suspect has been convicted for selling schedule II and was convicted of Felon in poss. of a handgun in 04.

Prosecutor: Bradley T Bracey 0000010085
       200 James Robertson Parkway
       Nashville, Tennessee 37201

Sworn to and subscribed before me on 03/16/2006 23:32:58.

Steve Holzapfel
Judge of the Metropolitan General Sessions Court/Commissioner

PROSECUTOR: Bradley T Bracey
DEFENDANT: James H Williams
VICTIM:

## STATE OF TENNESSEE, COUNTY OF DAVIDSON
### AFFIDAVIT
### TAMPERING WITH EVIDENCE
### T.C.A. 39-16-503

Personally appeared before me, the undersigned, [Select one] _x_ Commissioner ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that [Select one] _x_ he ___ she [Select one] _x_ personally observed ___ has probable cause to believe that the defendant named above on 03/16/2006 in Davidson County, knowing that an investigation or official proceeding was pending, or in progress, did intentionally or knowingly alter, destroy, or conceal any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding, and *the probable cause is as follows:*

*I stopped vehicle for a seatbelt violation at S 5th at Woodland. As police approached the vehicle the vehicle sped off. The vehicle went down Woodland and got on I 24 south. As the vehicle was getting on the ramp it appeared that a black object came out the window. The vehicle finally stopped in the curve at the I24, 40 split. Once the suspect was in custody, I gave police the location where to look for the object. A loaded, black, Para Ordinance 45 caliber was located.*

Prosecutor: Bradley T Bracey 0000010085
               200 James Robertson Parkway
               Nashville, Tennessee 37201

Sworn to and subscribed before me on 03/16/2006 23:31:44.

Steve Holzapfel
Judge of the Metropolitan General Sessions Court/Commissioner

PROSECUTOR: Bradley T Bracey
DEFENDANT: James H Williams
VICTIM:

## STATE OF TENNESSEE, COUNTY OF DAVIDSON
### AFFIDAVIT
### **TAMPERING WITH EVIDENCE**
### T.C.A. 39-16-503

Personally appeared before me, the undersigned, **[Select one]** _x_ Commissioner ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that **[Select one]** _x_ he ___ she **[Select one]** _x_ personally observed ___ has probable cause to believe that the defendant named above on 03/16/2006 in Davidson County, knowing that an investigation or official proceeding was pending, or in progress, did intentionally or knowingly alter, destroy, or conceal any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding, and *the probable cause is as follows:*

*I stopped vehicle for a seatbelt violation at S 5th at Woodland. As police approached the vehicle the vehicle sped off. The vehicle went down Woodland and got on I 24 south. As the vehicle was getting on the ramp it appeared that a black object came out the window. The vehicle finally stopped in the curve at the I24, 40 split. Once the suspect was in custody, I gave police the location where to look for the object. A loaded, black, Para Ordinance 45 caliber was located.*

Prosecutor: Bradley T Bracey 0000010085
         200 James Robertson Parkway
         Nashville, Tennessee 37201

Sworn to and subscribed before me on 03/16/2006 23:31:44.

Steve Holzapfel
Judge of the Metropolitan General Sessions Court/Commissioner

Incident Report
M.N P.D. Form 100

128.
age 4 of

1. M.P.D. Incident No
Ob-149164

**Part 7** □ N/A | 111. Type □ Witness □ Victim □ Evidence □ Suspect | 112. Searched Location (Address, Area, Etc.)

**Search** □ N/A | Type □ Witness □ Victim □ Evidence □ Suspect | Searched Location (Address, Area, Etc.)

113. I.D. Section Called To Scene □ Photos □ N/A □ No Due to Lack of Evidence  Yes, for: □ Prints □ Other | 114. Other Units Called: | □ Aviation □ Bomb Squad □ CID | □ Domestic Violence □ K-9 □ Med Examiner | □ Negotiators □ S.W.A.T □ Vice | □ Youth Services □ None □ Other

115. Police Assault Cleared □ Yes □ No

116. First Weapon Encountered □ Firearm □ Knife or Cutting Instrument □ Hands, Feet, ETC □ Other Weapons

117. Type of Activity □ Responding to Disturbance Call □ Burglary in Progress □ Robbery in Progress □ Attempting Other Arrest □ Civil Disorder □ Handling, Transporting Prisoners □ Investigating Suspicious Persons or Circumstances □ Ambush, No Warning □ Mentally Deranged □ Traffic Pursuit/Stop □ All Others

118. Officer Assignment □ One Officer Vehicle - Alone □ One Officer Vehicle - Assisted □ Two Officer Vehicle | □ Detective/Special Assign. - Alone □ Detective/Special Assign. - Assisted □ Walking Patrol - Alone □ Walking Patrol - Assisted | □ Bicycle Patrol - Alone □ Bicycle Patrol - Assisted □ Other - Alone □ Other - Assisted | 119. LEOKA Incident Type □ Not Leoka Incident □ Law Enforcement Official Assaulted | □ Law Enforcement Official Killed (Felony) □ Law Enforcement Official Killed (Accident, Other)

**Part D Narrative**

120.
Item No.

OFFICERS RECEIVED A CALL FROM DISPATCH ABOUT A M/B NAMED FRED BRAXTON DRESSED IN ALL BLACK IN A BLUE MONTE CARLO WAVING A GUN NEAR MAIN ST & N 6TH ST AT THE AUTO WASH. NO WEAPON WAS FOUND but A COMPUTER showed that the SUSPECT had AN OUTSTANDING WARRANT for PROBATION VIOLATION. INCIDENT to ARREST A SMALL PLASTIC bAG CONTAINING A GRASS like SUBSTANCE that APPEARED to be MARiJUANA WAS found iN the SUSPECTS lEFT FOOT SOCK. THE MARiJUANA DID fiELD TEST POSITIVE USING A fiELD TESTING KiT. THE APPROX. WEight OF the MARiJUANA is 2.6 GRAMS.

121. Report is Continued on (Check all that apply) □ Supplement Report □ Incident Report Addendum □ Incident Report Property Addendum ☒ N/A

122. Signature of Recipient/Authorizer ☒ N/A □ Refused to Sign

Will Victim #1 Prosecute ☒ Yes □ No □ Unsure See Narr. | Will Victim #2 Prosecute □ Yes □ No □ Unsure See Narr. | 126. Advisory Notice Issued □ Domestic Violence Notice □ Citizen Information Notice ☒ N/A □ Other

Can Victim #1 Identify Suspect(s) ☒ Yes □ No □ Op #1 | Victim #2 □ Op #2 □ Yes □ No

123. Reporting Officer (Print Name: First, MI, Last) RODERICK E. BYNES | Employee No. 44711 | Radio Call Sign 2F13

127. Case Status □ Open □ Unfounded □ Cleared by Rptg. Officer ☒ Cleared by Arrest □ Filed (Low Solvability) | Cleared by Exception (Select One Below) □ Death of Offender □ Prosecution Declined □ Extradition Declined □ Refused to Cooperate □ Juvenile, No Custody

124. Approving Supervisor (Signature) SGT | Employee No. 62195

125. Reviewer | Employee No. | Date

**IN THE CRIMINAL COURT FOR DVIDSON COUNTY, TENNESSEE**

**DIVISION**

2008 OCT -3 PM 3: 56

**STATE OF TENNESSEE**

VS.                                              **CASE NO: 2007-A-732**

**LEONARD C. HARRIS**

## MOTION TO EXECLUDE ALL PRIOR UNCHARGED CRIMINAL OFFENSES AND OTHER CRIMES

Comes now the Defendant, by and through counsel, and moves this Court for entry of an Order excluding introduction of all evidence of prior uncharged criminal offenses and other crimes alleged to have been committed by the Defendant. As grounds therefore the Defendant would submit the following:

1. Possession of Cocaine, Case Number 93-D-1410.
2. Theft of Property over $500.00, Case Number 93-D-1410.
3. Tampering with Evidence, Case Number 93-D-1410.
4. Theft of Property under $500.00, Case Number GS-186961
5. State' Motion To Revoke, Increase, or Alter Bail

Introduction of evidence or testimony by the alleged victims or witnesses related to any other uncharged criminal act is not admissible. State v. Rickman, 876 S.W. 2d 824 (Tenn. 1994); State v. Burchfield, 664 S.W. 2d 284 (Tenn. 1984).

**Wherefore,** the Defendant moves this Court to enter an Order excluding any other prior uncharged criminal offenses and other crimes in this matter, as evidence. Further, that the District Attorney be instructed to not directly or indirectly attempt to convey such evidence to the jury in any manner and in the event the State considers that the evidence has become relevant for any purpose that prior to its introduction before the jury; the Defense requests a jury-out hearing to allow the Court to determine the admissibility of the evidence.

Respectfully submitted,

Karl E. Pulley, BPR#12761
P.O. Box 68352
Nashville, Tennessee 37206
(615) 474-7826

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing has been delivered to the Districts Attorney's office this 3rd day of October 2008.

Case 3:20-cv-00251 Document 9-1 Filed 06/08/20 Page 54 of 116 PageID #: 88

Karl E. Pulley

Karl E. Pulley

**IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE**

**DIVISION I**

2008 OCT -3 PM 3:56

| | | |
|---|---|---|
| **STATE OF TENNESSEE** | ) | |
| | ) | |
| **VS.** | ) **CASE NO: 2007-A-732** | |
| | ) | |
| **LEONARD C. HARRIS** | ) | |

## MOTION FOR ARREST HISTORIES OF WITNESSES

Comes now the Defendant, by and through counsel, pursuant to Tennessee Code Annotated Section 40-32-101 (c) (3), and moves this Honorable Court to enter an Order requiring the State of Tennessee to furnish the Defendant's counsel, the arrest histories of all potential witnesses in this matter.

WHEREFORE, the Defendant respectfully requests that the Court Order the State of Tennessee to provide to Defendant's counsel, arrest histories of all potential witnesses.

Respectfully submitted,

Karl E. Pulley, BPR#12761
P.O. Box 68352
Nashville, TN 37206
(615) 474-7826

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing has been delivered to J. Wesley King III, Assistant District Attorney, this 3rd day of October 3, 2008.

Karl E. Pulley

## IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
## DIVISION I

STATE OF TENNESSEE }
}
v. } **2007-A-732**
}
}
**FREDERICK BRAXTON** }

### MOTION TO SUPPRESS EVIDENCE

Comes now the defendant, Frederick Braxton, by and through counsel, Lee Sprouse, pursuant to Article I § 7 of the Tennessee Constitution and the Fourth Amendment to the United States Constitution, and respectfully requests this Honorable Court suppress the marijuana found on Mr. Braxton's person by police on March 17, 2006. In support of said Motion, Mr. Braxton would offer the following:

On March 16, 2006, officers were dispatched about a male black named Frederick Braxton dressed in all black in a blue Monte Carlo Waving a gun at the Auto Wash, a business near Main Street and North 6th Street in Nashville, Tennessee. Mr. Braxton was stopped and searched, and no weapon was found. However, police did a warrant search, and it was discovered Mr. Braxton had an outstanding warrant for a probation violation. He was then searched incident to arrest and the police discovered 2.6 grams of marijuana in his shoe.

Under both the federal and state constitutions, "a warrantless search or seizure is presumed unreasonable, and evidence discovered as a result thereof is subject to suppression, unless the state demonstrates that search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement." *State v. Bridges*, 963 S.W.2d 487 (Tenn.1997)

Police officers did not know there was a warrant for Mr. Braxton's arrest when the stopped and searched him on March 17, 2006. They had no reasonable suspicion, nor probable cause to stop and search him. The stop and seizure of Mr. Braxton led police to run his name for warrants, and it was the revelation that Mr. Braxton had a warrant for his arrest that led to the second search, this time incident to his arrest, that led to the recovery of the marijuana. Therefore, the final search was the product and the proximate result of the initial illegal seizure, and therefore any evidence discovered as a result must be suppressed. *Wong Sun v. United States*, 371 U.S. 471 (1963).

For the foregoing reasons, Mr. Braxton respectfully requests this Honorable Court suppress the marijuana found on his person on March 17, 2006.

Respectfully Submitted,

**LEE SPROUSE**, No. 025082
Attorney for Defendant
1308 Rosa L. Parks Boulevard
Nashville, Tennessee 37208
(615) 254-0202

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion to Suppress Evidence has been provided to the Honorable J. Wesley King, Assistant District Attorney, 222 Second Avenue North, Suite 5000, Nashville, Tennessee 37201 on this the

_____ day of August, 2008.

**LEE SPROUSE**



**IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE**
**DIVISION I**

STATE OF TENNESSEE )
)
)
VS. ) CASE NO: 2007-A-732
)
)
FREDERICK EDWARD BRAXTON )

## NOTICE OF INTENT TO USE CONVICTIONS
## OR PRIOR BAD ACTS FOR IMPEACHMENT PURPOSES

The Office of the District Attorney General, prosecuting on behalf of the State of Tennessee, pursuant to Tennessee Rules of Evidence 609 and 405, gives notice of its intent to use the following acts or convictions for impeachment purposes should the defendant testify in this cause:

On October 8, 2007, Defendant was arrested and subsequently charged with the offenses of Sale of Cocaine, Possession of Cocaine with Intent to Sell or Distribute, Evading Arrest with a Motor Vehicle with Risk of Bodily Injury or Death, and Criminal Impersonation. These cases are pending in Criminal Court Division I under case number 2008-B-1358. Part of the underlying factual basis for the Criminal Impersonation charge is that Defendant, when asked his name by the police officers, assumed a false identity with the intent to defraud the officers.

Respectfully submitted,

J. Wesley Kang III
Tenn. Sup. Ct. Reg. #24137
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649
(615) 862-5500

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been faxed and mailed to

**Lee Sprouse, Counsel for Mr. Frederick Braxton, 1308 8th Avenue North, Nashville,**

**Tennessee 37208** on this the 8th day of October, 2008.

FILED

IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
DIVISION I
OCT 13 Rec :

STATE OF TENNESSEE                    )                    DAVID C TORRENCE
                                       )                              CLERK
                                       )                    BY _____
VS.                                    )    CASE NO. 2007-A-732

                                       )
LEONARD C. HARRIS                      )

## MOTION IN LIMINE/NOTICE OF THE DEFENSE COUNSEL'S INTENT TO INTRODUCE THE PRIOR CRIMINAL HISTORY OF JAMES WILLIAMS

Comes now the Defendant, by and through his counsel, and respectfully gives the State of Tennessee notice of his intent to introduce the prior Convictions or Prior Bad Acts of the referenced Co-Defendant. In support of the Motion the Defendant states the following:

1. ~~Domestic Assault :~~ GS-183862
2. ~~Reckless Endangerment (Felony):~~ GS-190221
3. Alteration of Item's Distinguishing Numbers: GS-190222
4. ~~Unlawful Possession Of A Weapon~~
5. ~~Weapon- commission of Offense While Wearing a Body Vest: 190226~~
6. Unlawful Possession of A Weapon: GS-261456
7. Tampering With Evidence: GS-262454

This Notice is given pursuant Tennessee Rules of Evidence 609 and 405 for impeachment purposes and in order to adequately defend Mr. Harris.

## CERTIFCATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion/Notice was delivered to J. Wesley King III Assistant District Attorney General on this 13rd day of October 2008 and Lee Sprouse, Attorney for Frederick Braxton.

Karl E. Pulley

IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE

**DIVISION I**

OCT 13 K

| | |
|---|---|
| **STATE OF TENNESSEE** | ) |
| | ) |
| **VS.** | ) **CASE NO. 2007-A-732** |
| | ) |
| **LEONARD C. HARRIS** | ) |

### MOTION IN LIMINE/NOTICE OF THE DEFENSE COUNSEL'S INTENT TO INTRODUCE THE PRIOR CRIMINAL HISTORY OF FREDERICK EDWARD BRAXTON

Comes now the Defendant, by and through his counsel, and respectfully gives the State of Tennessee notice of his intent to introduce the prior Convictions or Prior Bad Acts of the referenced Co-Defendant. In support of the Motion the Defendant states the following:

1. ConvictionVoluntary Manslaughter: Case No.2000-C-1394
2. Incident Number 06-149647/Broderick E. Jones Reporting Officer → 608

This Notice is given pursuant Tennessee Rules of Evidence 609 and 405 for impeachment purposes and in order to adequately defend Mr. Harris.

### CERTIFCATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion/Notice was delivered to J. Wesley King III Assistant District Attorney General on this 13th day of October 2008 and Lee Sprouse, Attorney for Frederick Braxton.

Karl E. Pulley

| | | | |
|---|---|---|---|
| Case Number: 2000-C-1394 | | Count #: 1 | Attorney for the State: Scretchen, Derrick |

Judicial District: 20    Judicial Division: CC Division II                Counsel for the Defendant: Duzane, George J.

State of Tennessee
vs.                                                                    ☐ Retained ☐ Appointed ☐ Public Defender

Defendant: Braxton, Fredrick E.                                        Alias:

Date of Birth: 01/08/1981    Sex: Male    Race: Black    .·                        SSN: 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

Indictment Filing Date:                          TDOC:                TBI Document Control #:

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.
On the 02ND Day of APRIL  , 2001, the Defendant:

| | |
|---|---|
| ☑ Plea Guilty            ☐ Dismissed<br>☐ Nolo Contendere      ☐ Retired<br>☐ Guilty Plea - Pursuant to 40-35-313<br><br>Is found:         ☑ Guilty      ☐ Not Guilty<br>☐ Jury Verdict      ☐ Not Guilty by reason of Insanity<br>☐ Bench Trial | Indictment: Class: M      Type: Felony<br>Offense: First Degree Murder- Premeditated/Intentional<br>Amended Charge:<br>Offense Date: 10/25/1999   To 10/25/1999      County: Davidson<br>Conviction Offense: Voluntary Manslaughter<br>Convicted TCA #: 39-13-211      Sentence Imposed Date: 04/02/2001<br>Is this conviction offense methamphetamine related? ☐ Yes    ☐ No<br>Conviction Class: C      Type: Felony |

After Considering the evidence, the entire record, and all factors in TCA Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

| Sentence Reform Act of 1989 | | | Concurrent With: | Pretrial Jail Credit Period(s): | |
|---|---|---|---|---|---|
| Offender Status (Check One) | Release Eligibility (Check One) | | | | |
| ☐ Mitigated | ☐ Mitigated | ☐ Multiple Rapist 100% | | From | to |
| ☑ Standard | ☐ Mitigated 30% | ☐ Child Rapist 100% | | From | to |
| ☐ Multiple | ☑ Standard | ☐ Repeat Violent 100% | Consecutive To: | | |
| ☐ Persistent | ☐ Multiple | ☐ 1st Degree Murder | | From | to |
| ☐ Career | ☐ Persistent | ☐ School Zone | | From | to |
| ☐ Repeat Violent 1 | ☐ Career | ☐ Gang Related | | | |
| | ☐ Violent 100% | | | | |

Sentenced to:    ☐ TDOC    ☑ Workhouse    ☑ Workhouse

Sentence Length:    Years:    Months:    Days:    Life:    Life Without Parole:    Death:

Mandatory Minimum Sentence Length:                39-17-417, 39-13-513, 39-13-514 in School Zone or        55-10-401 DUI 4th Offense
Period of Incarceration to be Served Prior to Release on Probation
Minimum service prior to eligibility for work release, furlough, trusty status and rehabilitation programs:        (Misdemeanor Only)

Alternative Sentence:    ☐ Probation        ☐ Diversion        ☐ Community Based Alternative

| | | |
|---|---|---|
| Court Ordered Fees and Fines: | Restitution:  Victim Name: | Child Support: |
| Criminal Injuries Compensation Fund | Address: | |
| Sex Offender Tax | | |
| Court Costs        Cost to be Paid by: | Total Amount:        per Month: | |
| Fine Assessed    ☐ Defendant    ☐ State | | |
| Other | ☐ Unpaid Community Service: Hours: Hours    Days    Weeks    Months |

☑ The Defendant having been found guilty is rendered infamous and ordered to provide a biological specimen for the purpose of DNA analysis.
**Special Conditions:**    ☑ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

Jail credit from 10/28/99 to 4/2/01**Best interest plea**

Judge's Name                          Judge's Signature                    Date of Entry of Judgment

CR-3419 (Rev. 9-05) RDA-1167        Attorney for State: Scretchen, Derrick        Defense Attorney: Duzane, George J.

COPY
Tenn Dept Of Corrections

**IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
DIVISION I**

| | | |
|---|---|---|
| **STATE OF TENNESSEE** | ) | **F I L E** |
| | ) | |
| | ) | |
| **VS.** | ) **CASE NO: 2007-A-732** | **OCT 13 08** |
| | ) | |
| | ) | |
| **FREDERICK EDWARD BRAXTON** | ) | |
| **LEONARD CARDELL HARRIS** | ) | |

### STATE'S MOTION IN LIMINE #1

The Office of the District Attorney General, prosecuting on behalf of the State of Tennessee, respectfully moves this Court to instruct defense counsel that prior to any references or questioning in front of the jury concerning any witness's prior criminal behavior or prior bad acts that the defense counsel be required to ask the Court in the absence of the jury for a ruling of admissibility of the prior criminal behavior or the prior acts. Tennessee Rules of Evidence 608, 609.

Respectfully submitted,

J. Wesley King III
Tenn. Sup. Ct. Reg. #24137
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649
(615) 862-5500

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been hand-delivered to **Lee Sprouse, Counsel for Mr. Frederick Braxton, 1308 8th Avenue North, Nashville, Tennessee 37208 and Karl Pulley, Counsel for Leonard C. Harris, P.O. Box 68352, Nashville, Tennessee 37206,** on this the 13th day of October, 2008.

IN THE CRIMINAL COURT OF DAVIDSON COUNTY, TENNESSEE, DIVISION I
MINUTES, OCTOBER 13, 2008

STATE OF TENNESSEE

VS.                          CASE NO. 2007-A-732

FREDERICK EDWARD BRAXTON
LEONARD CARDELL HARRIS

2007-A-732

JURY WAS
SELECTED AND
SWORN
OPENING
STATEMENTS
AND A PORTION
OF STATE'S
PROOF

RESPITED

CAME THE ATTORNEY GENERAL WHO PROSECUTES FOR THE STATE AND THE
DEFENDANTS IN PERSON, BEING REPRESENTED BY COUNSEL, WHO BEING
ARRAIGNED UPON SAID INDICTMENT PLEAD NOT GUILTY TO THE SAME AND WENT
TO TRIAL.

THEREUPON TO WELL AND TRULY TRY THE ISSUES JOINED THERE CAME A JURY
OF GOOD AND LAWFUL MEN AND WOMEN OF DAVIDSON COUNTY, TO-WIT:
DANIELLE LEVINE, JUDITH KLICH, CONIIE MORGAN, ANNA EZELL, ALLYSON
HOBBIE, PENNY MILLER, JANNA POGUE, MARY MCCAULEY, JANA WILLIS,
LADONNA MERVILLE, DAVID WARD, AND ANTHONY RUCKER, WHO BEING DULY
ELECTED, IMPANELED, TRIED AND SWORN TO WELL AND TRULY TRY THE ISSUES
JOINED AND TRUE DELIVERANCE MAKE ACCORDING TO THE LAW AND EVIDENCE
AND THEY PROCEEDED TO SELECT AN ALTERNATE JUROR, LISA LEE, WHO BEING
DULY ELECTED, IMPANELED, TRIED AND SWORN TO WELL AND TRULY TRY THE
ISSUES JOINED AND TRUE DELIVERANCE MAKE ACCORDING TO THE LAW AND
EVIDENCE AND THEY HAVING HEARD THE INDICTMENT READ BY THE ATTORNEY
GENERAL AND HAVING HEARD OPENING STATEMENTS, A PORTION OF STATE'S
PROOF, AND THERE NOT BEING SUFFICIENT TIME ON TODAY TO CONCLUDE THE
TRIAL, THE JURY WAS RESPITED FROM THE FURTHER CONSIDERATION OF THE
CAUSE ON TRIAL UNTIL THE MEETING OF COURT TOMORROW MORNING AT EIGHT
THIRTY; SAID JURORS BEING ALLOWED TO SEPARATE BY CONSENT OF COUNSEL
FOR THE STATE AND THE DEFENDANT AND CONCURRED IN BY THE COURT IN
ACCORDANCE WITH THE PROVISIONS OF SECTION 40-18-116 AS AMENDED.

LEE SPROUSE , ATTORNEY FOR DEFENDANT BRAXTON

KARY PULLEY, ATTORNEY FOR DEFENDANT HARRIS

J . WESLEY KING AND PAMELA ANDERSON , ASSISTANT DISTRICT ATTORNEYS

ORDERED THAT COURT STAND ADJOURNED UNTIL IN THE MORNING AT EIGHT THIRTY.

STEVE DOZIER, JUDGE

IN THE CRIMINAL COURT OF DAVIDSON COUNTY, TENNESSEE, DIVISION 1
MINUTES, OCTOBER 14, 2008

STATE OF TENNESSEE

VS.                           CASE NO. 2007-A-732

FREDERICK EDWARD BRAXTON
LEONARD CARDELL HARRIS

2007-A-732

CONCLUSION
OF STATE'S
PROOF,
DEFENDANT
HARRIS PROOF,
DEFENDANT
BRAXTON
PROOF, WITH
WAIVERD OF
RIGHT TO
TESTIFY
EXECUTED,
STATE'S
REBUTTAL

CAME THE ATTORNEY GENERAL WHO PROSECUTES FOR THE STATE AND THE
DEFENDANTS IN PERSON, ALSO THE JURY HERETOFORE IMPANELED IN THIS
CAUSE WHO WERE ON YESTERDAY RESPITED FROM THE FURTHER
CONSIDERATION OF THE CAUSE ON TRIAL UNTIL THE MEETING OF COURT TODAY;
CAME HERE INTO OPEN COURT AND RENEWED THEIR CONSIDERATION OF THE
CAUSE ON TRIAL AND THEY HAVING HEARD CONCLUSION OF STATE'S PROOF,
DEFENDANT HARRIS PROOF, DEFENDANT BRAXTON PROOF, WITH WAIVERD OF
RIGHT TO TESTIFY EXECUTED, STATE'S REBUTTAL AND THERE NOT BEING
SUFFICIENT TIME ON TODAY TO CONCLUDE THE TRIAL, THE JURY WAS RESPITED
FROM THE FURTHER CONSIDERATION OF THE CAUSE ON TRIAL UNTIL THE
MEETING OF COURT TOMORROW MORNING AT TEN O'CLOCK. SAID JURORS BEING
ALLOWED TO SEPARATE BY CONSENT OF COUNSEL FOR THE STATE AND THE
DEFENDANT AND CONCURRED IN BY THE COURT IN ACCORDANCE WITH THE
PROVISION OF 40-80-116, AS AMENDED.

LEE SPROUSE , ATTORNEY FOR DEFENDANT BRAXTON

RESPITED

KARL PULLEY, ATTORNEY FOR DEFENDANT HARRIS

J. WESLEY KING AND PAMELA ANDERSON , ASSISTANT DISTRICT ATTORNEYS

ORDERED THAT COURT STAND ADJOURNED UNTIL IN THE MORNING AT TEN
O'CLOCK.

STEVE DOZIER, JUDGE

IN THE CRIMINAL COURT OF DAVIDSON COUNTY, TENNESSEE, DIVISION I
MINUTES, OCTOBER 15, 2008

STATE OF TENNESSEE

VS.                          CASE NO. 2007-A-732

FREDERICK EDWARD BRAXTON
LEONARD CARDELL HARRIS

2007-A-732

MOTION FOR
JUDGMENT OF
ACQUITTAL AS
TO BOTH
DEFENDANT'S
IS DENIED,
CLOSING
ARGUMENTS,
CHARGE, AND
THE
ALTERNATE
JUROR HAVING
BEEN EXCUSED

CAME THE ATTORNEY GENERAL WHO PROSECUTES FOR THE STATE AND THE
DEFENDANTS IN PERSON, BEING REPRESENTED BY COUNSEL, ALSO THE JURY
HERETOFORE IMPANELED IN THIS CAUSE WHO WERE ON YESTERDAY RESPITED
FROM THE FURTHER CONSIDERATION OF THE CAUSE ON TRIAL UNTIL THE
MEETING OF COURT TODAY CAME HERE INTO OPEN COURT AND RENEWED THEIR
CONSIDERATION OF THE CAUSE ON TRIAL, AND THEY HAVING HEARD MOTION
FOR JUDGMENT OF ACQUITTAL AS TO BOTH DEFENDANT'S IS DENIED, CLOSING
ARGUMENTS. CHARGE, AND THE ALTERNATE JUROR HAVING BEEN EXCUSED,
AND THE AFORESAID JURORS HAVING TAKEN TIME TO CONSIDER OF THEIR
VERDICT AFORESAID, UPON THEIR OATH AFORESAID, DO SAY: THAT THEY FIND
DEFENDANT BRAXTON GUILTY OF ATTEMPTED SECOND DEGREE MURDER, AND
THEY FIND DEFENDANT HARRIS GUILTY OF ATTEMPTED SECOND DEGREE
MURDER.

VERDICT
THEY FIND
DEFENDANT
BRAXTON
GUILTY OF
ATTEMPTED
SECOND
DEGREE
MURDER, AND
THEY FIND
DEFENDANT
HARRIS GUILTY
OF ATTEMPTED
SECOND
DEGREE
MURDER.

THEREUPON, THE JURY WAS POLLED AND DISCHARGED.

FURTHER, BOTH DEFENDANT'S BOND IS REVOKED AND THIS CAUSE IS CONTINUED
FOR SENTENCE HEARING UNTIL NOVEMBER 24, 2008 AT 9:00 AM.

LEE SPROUSE , ATTORNEY FOR DEFENDANT BRAXTON

KARL PULLEY, ATTORNEY FOR DEFENDANT HARRIS

J. WESLEY KING AND PAMELA ANDERSON , ASSISTANT DISTRICT ATTORNEYS

THEREUPON,
THE JURY WAS
POLLED AND
DISCHARGED.

FURTHER,
BOTH
DEFENDANT'S
BOND IS
REVOKED AND
THIS CAUSE IS
CONTINUED
FOR SENTENCE
HEARING UNTIL
NOVEMBER 24,
2008 AT 9:00 AM.

ORDERED THAT COURT STAND ADJOURNED UNTIL IN THE MORNING AT NINE
O'CLOCK.

STEVE DOZIER, JUDGE

IN THE CRIMINAL COURT OF DAVIDSON COUNTY, TENNESSEE, DIVISION  I
MINUTES, NOVEMBER 24, 2008

STATE OF TENNESSEE

VS.                               CASE NO. 2007-A-732

FREDERICK EDWARD BRAXTON

CAME THE ATTORNEY GENERAL WHO PROSECUTES FOR THE STATE AND THE
DEFENDANT IN PERSON, BEING REPRESENTED BY COUNSEL.

2007-A-732
DEFENDANT'S
SENTENCE IN
COUNT ONE IS
IMPOSED WITH
AN AMENDED
JUDGEMENT
ENTERED AND
COUNT TWO IS
CONTINUED
UNTIL
DECEMBER 18,
2008 AT 9:00 AM.

THEREUPON, THIS CAUSE CAME ON TO BE HEARD UPON SENTENCING ; AFTER DUE
CONSIDERATION THE DEFENDANTS SENTENCE IN COUNT ONE IS IMPOSED WITH
AN AMENDED JUDGEMENT ENTERED AND COUNT TWO IS CONTINUED UNTIL
DECEMBER 18, 2008 AT 9:00 AM.

LEE SPROUSE , ATTORNEY FOR DEFENDANT

J. WESLEY KING , ASSISTANT DISTRICT ATTORNEY

ORDERED THAT COURT STAND ADJOURNED UNTIL IN THE MORNING AT NINE
O'CLOCK.

STEVE DOZIER, JUDGE

IN THE CRIMINAL/ :CUIT ·URT OF ___DAVIDSON___ COU TY, TENNESSEE

Case Number: __2007-A-732__ Count # __1__ Attorney for the State: __Wesley Kiby__

Judicial District: __20^th__ Judicial Division: __I__ Counsel for Defendant: __Lee Sprause__

**State of Tennessee**
vs. ☐ Retained ☒ Appointed ☐ Public Defender
Defendant: __Frederick Braxton__ ☐ Counsel Waived ☐ Pro Se

Alias: _____

Date of Birth: __1/8/81__ Sex: __M__ Race: __B__ SSN: _____

Indictment Filing Date: __INFORMATION__ TDOC # _____ State Control # _____

State ID # _____ County Offender ID # _____

## JUDGMENT

☒ Original ☐ Amended ☐ Corrected

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the __15^th__ day of __October__, __2008__, the defendant:

☐ Pled Guilty ☐ Dismissed/Nolle Prosequi
☐ Nolo Contendere ☐ Retired/Unapprehended Defendant
☐ Guilty Plea – Pursuant to 40-35-313

Is found: ☒ Guilty ☐ Not Guilty
☒ Jury Verdict ☐ Not Guilty by Reason of Insanity
☐ Bench Trial

Indictment: Class (circle one) 1st ☒A ☐B C D E ☒Felony ☐Misdemeanor
Offense: __Attempted First Degree Murder__
Amended Charge: _____
Offense Date: __2/15/06__ County: __DAVIDSON__
Conviction Offense: __Attempted Second Degree Murder__
Is this conviction offense methamphetamine related? ☐ Yes ☒ No
TCA #: __39-12-101__ Sentence Imposed Date: __11/24/08__
Conviction: Class (circle one) 1st A ☒B C D E ☒Felony ☐Misdemeanor

After considering the evidence, the entire record, & all factors in T.C.A. Title 40 Chapter 35, all of which are incorporated by reference herein, the Court's findings & rulings are:

| Sentence Reform Act of 1989 | | Concurrent with: | Pretrial Jail Credit Period(s): |
|---|---|---|---|
| Offender Status (Check One) | Release Eligibility (Check One) | | From 2.25.06 to 2.25.06 |
| ☐ Mitigated ☐ Standard ☒ Multiple ☐ Persistent ☐ Career ☐ Repeat Violent | ☐ Mitigated 20% ☐ Mitigated 30% ☐ Standard 30% ☒ Multiple 35% ☐ Persistent 45% ☐ Career 60% ☐ Violent 100% | ☐ Multiple Rapist 100% ☐ Child Rapist 100% ☐ Repeat Violent 100% ☐ Child Predator 100% ☐ 1st Degree Murder ☐ Drug Free Zone ☐ Gang Related | **Consecutive to:** | From 10.15.08 to Date / From _____ to _____ / From _____ to _____ |

Sentenced To: ☒ TDOC ☐ County Jail ☐ Workhouse

Sentence Length: __19__ Years __ Months __ Days __ Hours __ Weekends ☐ Life ☐ Life w/out Parole ☐ Death

Mandatory Minimum Sentence Length: _____ 39-17-417, 39-13-513, 39-13-514 in Drug Free Zone or _____ 55-10-401 DUI 4th Offense
or _____ 39-17-1324 Possession/Employment of Firearm
Period of incarceration to be served prior to release on probation: _____ Months _____ Days _____ Hours _____ Weekends
Minimum service prior to eligibility for work release, furlough, trusty status and rehabilitative programs: _____% (Misdemeanor Only)
Alternative Sentence: ☐ Probation ☐ Diversion ☐ Drug Court ☐ Community Based Alternative - Specify _____

_____ Years _____ Months _____ Days Effective: _____

**Court Ordered Fees and Fines:**
$ _____ Criminal Injuries Compensation Fund
$ _____ Sex Offender Tax
$ _____ Court Costs **Cost to be Paid by**
$ _____ Fine Assessed ☐ Defendant ☐ State
$ _____ Other:

**Restitution:** Victim Name _____
Address _____
_____
Total Amount $ _____ Per Month $ _____

☐ Unpaid Community Service: _____ Hours _____ Days _____ Weeks _____ Months

☒ The Defendant having been found guilty is rendered infamous and ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-521 the defendant is ordered to provide a biological specimen for the purpose of HIV testing.
**Special Conditions** ☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

__Hon. Steve R. Dozier__
Judge's Name

__[signature] Steve R. Do__
Judge's Signature

__11/24/08__
Date of Entry of Judgment

Case 3:20-cv-00251 Document 9-1 Filed 06/08/20 Page 72 of 116 PageID #: 106

_____ Attorney for State/Signature (optional) _____ Defendant's Attorney/Signature (optional)

CR-3419 (Rev. 1/08) White - Criminal Court Clerk Canary - TN Dept. of Correction/SMS Pink - AOC Goldenrod - Jail RDA 1167

# IN THE CRIMINAL / CIRCUIT / COURT OF ___DAVIDSON___ COUNTY, TENNESSEE

Case Number: ___2007-A-732___ Count # ___1___ Attorney for the State: ___Wesley Kim___

Judicial District: ___20th___ Judicial Division: ___I___ Counsel for Defendant: ___Karl Pulley___

**State of Tennessee**
vs.
Defendant: ___Leonard C. Harris___ Alias: _____  ☒ Retained ☐ Appointed ☐ Public Defender ☐ Counsel Waived ☐ Pro Se

Date of Birth: ___8 / 3 / 70___ Sex: ___M___ Race: ___B___ SSN: _____

Indictment Filing Date: ___INFORMATION___ TDOC # _____ State Control # _____

State ID # _____ County Offender ID # _____

## JUDGMENT

☒ Original ☐ Amended ☐ Corrected

**Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.**

On the ___15th___ day of ___October___, ___2008___, the defendant:

| | | |
|---|---|---|
| ☐ Pled Guilty ☐ Dismissed/Nolle Prosequi | | **Indictment:** Class (circle one) 1st (A) B C D E   ☒ Felony ☐ Misdemeanor |
| ☐ Nolo Contendere ☐ Retired/Unapprehended Defendant | | Offense: ___Attempted First Degree Murder___ |
| ☐ Guilty Plea – Pursuant to 40-35-313 | | Amended Charge: _____ |
| | | Offense Date: ___2 / 15 / 06___ County: ___DAVIDSON___ |
| Is found: ☒ Guilty ☐ Not Guilty | | Conviction Offense: ___Attempted Second Degree Murder___ |
| ☒ Jury Verdict ☐ Not Guilty by Reason of Insanity | | Is this conviction offense methamphetamine related? ☐ Yes ☒ No |
| ☐ Bench Trial | | TCA #: ___39-12-101___ Sentence Imposed Date: ___11/24/08___ |
| | | **Conviction:** Class (circle one) 1st A (B) C D E   ☒ Felony ☐ Misdemeanor |

After considering the evidence, the entire record, & all factors in T.C.A. Title 40 Chapter 35, all of which are incorporated by reference herein, the Court's findings & rulings are:

| Sentence Reform Act of 1989 | Concurrent with: | Pretrial Jail Credit Period(s): |
|---|---|---|
| Offender Status (Check One)   Release Eligibility (Check One) | | From 3-8-06 to 3-8-06 |
| ☐ Mitigated   ☐ Mitigated 20%   ☐ Multiple Rapist 100% | | From 10-15-08 to DOE |
| ☒ Standard   ☐ Mitigated 30%   ☐ Child Rapist 100% | | |
| ☐ Multiple   ☒ Standard 30%   ☐ Repeat Violent 100% | **Consecutive to:** | From _____ to _____ |
| ☐ Persistent   ☐ Multiple 35%   ☐ Child Predator 100% | | |
| ☐ Career   ☐ Persistent 45%   ☐ 1st Degree Murder | | From _____ to _____ |
| ☐ Repeat Violent   ☐ Career 60%   ☐ Drug Free Zone | | |
| ☐ Violent 100%   ☐ Gang Related | | |

| **Sentenced To:** ☒ TDOC ☐ County Jail ☐ Workhouse |
|---|
| **Sentence Length:** ___11___ Years _____ Months _____ Days   Hours _____ Weekends ☐ Life ☐ Life w/out Parole ☐ Death |
| Mandatory Minimum Sentence Length: _____ 39-17-417, 39-13-513, 39-13-514 in Drug Free Zone or _____ 55-10-401 DUI 4th Offense |
| or _____ 39-17-1324 Possession/Employment of Firearm |
| Period of incarceration to be served prior to release on probation: _____ Months   Days _____ Hours _____ Weekends |
| Minimum service prior to eligibility for work release, furlough, trusty status and rehabilitative programs: _____% (Misdemeanor Only) |
| **Alternative Sentence:** ☐ Probation ☐ Diversion ☐ Drug Court ☐ Community Based Alternative - Specify _____ |
| _____ Years _____ Months _____ Days   Effective: _____ |

| **Court Ordered Fees and Fines:** | **Restitution:** Victim Name _____ |
|---|---|
| $ _____ Criminal Injuries Compensation Fund | Address _____ |
| $ _____ Sex Offender Tax | |
| $ _____ Court Costs   Cost to be Paid by | Total Amount $ _____ Per Month $ _____ |
| $ _____ Fine Assessed   ☐ Defendant ☐ State | |
| $ _____ Other: | ☐ Unpaid Community Service: Hours _____ Days _____ Weeks _____ Months |

☒ The Defendant having been found guilty is rendered infamous and ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-521 the defendant is ordered to provide a biological specimen for the purpose of HIV testing.
**Special Conditions**     ☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

Hon. ___Steve R. Dozier___
Judge's Name

___[signature]___
Judge's Signature

___11/24/08___
Date of Entry of Judgment

_____
Attorney for State/Signature (optional)

_____
Defendant's Attorney/Signature (optional)

CR-3419 (Rev. 1'08)   White – Criminal Court Clerk   Canary – TN Dept. of Correction/SMS   Pink - AOC   Goldenrod - Jail   RDA 1167

1:2309

STATE OF TENNESSEE

v.

FREDERICK BRAXTON

DAVID C. ___ICE CLERK
____ 2007-A-732 ...DC

## MOTION FOR NEW TRIAL

Comes the Defendant, Frederick Braxton, by and through counsel, Lee Sprouse, pursuant to Tennessee Rule of Criminal Procedure 33, and respectfully requests this Honorable Court to grant him a new trial for the following reasons:

1.    The Trial Court erred by denying Mr. Braxton the right to cross examine Mr. James Williams about several areas. Specifically, the Trial Court ruled that counsel for Mr. Braxton could not cross examine Mr. Williams about the incident in which he was shot in the chest, which took place while he was attempting to rob a home while armed. Further, counsel was not allowed to cross examine Mr. Williams about the occasion on which he was found by police in possession of two guns at the same time, one with a thirty round clip. On that same occasion, Mr. Williams was found to be wearing body armor. Lastly, counsel was not allowed to cross examine Mr. Williams about the specifics of a conviction that stemmed from his possession of yet another handgun, which Mr. Williams threw out the sunroof of a moving car. This incident took place on March 16, 2006, a month after the attempt on his life.

Because Mr. Braxton's theory of defense was that he was not present when the attempt on Mr. Williams' life took place, and there is no question that the shooting happened, then any proof put forth to show that someone else, besides Mr. Braxton, had

reason to try to kill Mr. Williams would be of the utmost relevance. The events stated above, taken as a whole, depict Mr. Williams as a dangerous and violent man who lived a dangerous and violent lifestyle. Because there is no question that *someone* tried to kill Mr. Williams, it was key and central to Mr. Braxton's defense to show that someone else could have and would have done it. The evidence of Mr. Williams' dangerous past would have aided the jury in determining that someone besides Mr. Braxton attempted to kill Mr. Williams. T.R.E. 401, 402, *State v. Brown*, 29 S.W.3d 427 (Tenn.2000)

2.    The Trial Court erred in allowing Mr. Wayne Miller to testify during the State's rebuttal that Mr. Braxton was in jail on an unrelated matter prior to February 14, 2006. This testimony was prejudicial, substantially more so that any possible probative value in might have had. T.R.E. 403

3.    The Trial Court erred by denying the defendant's motion for judgment of acquittal, pursuant to Rule 29 of the Tennessee Rules of Criminal Procedure. The evidence presented at trial was insufficient as a matter of law to convict Mr. Braxton of Attempted Second Degree Homicide.

4.    The Trial Court erred by sentencing Mr. Braxton to an excessive prison term. *See* Tenn. Code Ann. §§ 40-35-102, 40-35-103, 40-35-210.

Respectfully Submitted,

**LEE SPROUSE**, No. 025082
Attorney for Defendant
1308 Rosa L. Parks Boulevard
Nashville, Tennessee 37208
(615) 254-0202

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion for New Trial

has been provided to the Honorable Wesley King, Assistant District Attorney, 222

Second Avenue North, Suite 5000, Nashville, Tennessee 37201 on this the 19th day of

December, 2008.

**LEE SPROUSE**

1.2309

# IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
## DIVISION I

STATE OF TENNESSEE )
)
v. )                    2007-A-732
)
)
LEONARD C. HARRIS )

DAVID C                    NOE CLERK
                           ... DC

## MOTION FOR NEW TRIAL

Comes the Defendant, Leonard c. Harris, by and through counsel, Lee Sprouse, pursuant to Tennessee Rule of Criminal Procedure 33, and respectfully requests this Honorable Court to grant him a new trial for the following reasons:

1.    The Trial Court erred by denying Mr. Harris the right to cross examine Mr. James Williams about several areas. Specifically, the Trial Court ruled that counsel for Mr. Harris could not cross examine Mr. Williams about the incident in which he was shot in the chest, which took place while he was attempting to rob a home while armed. Further, counsel was not allowed to cross examine Mr. Williams about the occasion on which he was found by police in possession of two guns at the same time, one with a thirty round clip. On that same occasion, Mr. Williams was found to be wearing body armor. Further, counsel was not allowed to cross examine Mr. Williams about the specifics of a conviction that stemmed from his possession of yet another handgun, which Mr. Williams threw out the sunroof of a moving car. This incident took place on March 16, 2006, a month after the attempt on his life. Lastly, counsel for Mr. Harris did not open the door for Mr. Williams to testify regarding other alleged attempts on his life by Mr. Harris.

Because Mr. Harris's theory of defense was that he was not present when the attempt on Mr. Williams' life took place, and there is no question that the shooting happened, then any proof put forth to show that someone else, besides Mr. Harris, had reason to try to kill Mr. Williams would be relevant. The events stated above, in totality demonstrate that Mr. Williams is a dangerous and violent man who living a dangerous and violent lifestyle. Because there is no question that *someone* tried to kill Mr. Williams, it was key and central to Mr. Harris's defense to show that someone else could have and would have done it. The evidence of Mr. Williams' dangerous past would have aided the jury in determining that someone besides Mr. Harris attempted to kill Mr. Williams. T.R.E. 401, 402, *State v. Brown*, 29 S.W.3d 427 (Tenn.2000)

2.    The Trial Court erred by denying the defendant's motion for judgment of acquittal, pursuant to Rule 29 of the Tennessee Rules of Criminal Procedure. The evidence presented at trial was insufficient as a matter of law to convict Mr. Harris of Attempted Second Degree Homicide.

3.    The Trial Court erred by sentencing Mr. Harris to an excessive prison term. *See* Tenn. Code Ann. §§ 40-35-102, 40-35-103, 40-35-210.

Respectfully Submitted,

Karl E. Pulley, No. 012761
Attorney for Defendant
P.O. Box 68352
Nashville, Tennessee 37206
(615) 474-7826

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion for New Trial

has been provided to the Honorable Wesley King, Assistant District Attorney, 222

Second Avenue North, Suite 5000, Nashville, Tennessee 37201 on this the 22nd day of

December, 2008.

Karl R. Pulley



– No Rees. Susp.
to detain
– book ID

← absent
it unreasonable
time – no gun
to
comp
check

## IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
## △ DIVISION 1 △

STATE OF TENNESSEE |
|
v. | 2007-A-732
|
|
FREDERICK BRAXTON |

### MOTION TO SUPPRESS EVIDENCE

Comes now the defendant, Frederick Braxton, by and through counsel, Lee Sprouse, pursuant to Article I § 7 of the Tennessee Constitution and the Fourth Amendment to the United States Constitution, and respectfully requests this Honorable Court suppress the marijuana found on Mr. Braxton's person by police on March 1**0.6** 2006. In support of said Motion, Mr. Braxton would offer the following:

On March 16, 2006, officers were dispatched about a male black named Frederick Braxton dressed in all black in a blue Monte Carlo Waving a gun at the Auto Wash, a business near Main Street and North 6th Street in Nashville, Tennessee. Mr. Braxton was stopped and searched, and no weapon was found. However, police did a warrant search, and it was discovered Mr. Braxton had an outstanding warrant for a probation violation. He was then searched incident to arrest and the police discovered 2.6 grams of marijuana in his shoe.

Under both the federal and state constitutions, "a warrantless search or seizure is presumed unreasonable, and evidence discovered as a result thereof is subject to suppression, unless the state demonstrates that search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement." *State v. Bridges*, 963 S.W.2d 487 (Tenn.1997)

Police officers did not know there was a warrant for Mr. Braxton's arrest when the stopped and searched him on March 1**6**, 2006. They had no reasonable suspicion, nor probable cause to stop and search him. The stop and seizure of Mr. Braxton led police to run his name for warrants, and it was the revelation that Mr. Braxton had a warrant for his arrest that led to the second search, this time incident to his arrest, that led to the recovery of the marijuana. Therefore, the final search was the product and the proximate result of the initial illegal seizure, and therefore any evidence discovered as a result must be suppressed. *Wong Sun v. United States*, 371 U.S. 471 (1963).

For the foregoing reasons, Mr. Braxton respectfully requests this Honorable Court suppress the marijuana found on his person on March 1**6**, 2006.

Respectfully Submitted,

**LEE SPROUSE**, No. 025082
Attorney for Defendant
1308 Rosa L. Parks Boulevard
Nashville, Tennessee 37208
(615) 254-0202

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion to Suppress

Evidence has been provided to the Honorable J. Wesley King, Assistant District

Attorney, 222 Second Avenue North, Suite 5000, Nashville, Tennessee 37201 on this the

_____ day of January, 2009.

**LEE SPROUSE**

IN THE CRIMINAL COURT OF DAVIDSON COUNTY, TENNESSEE, DIVISION I
MINUTES, JANUARY 23, 2009

STATE OF TENNESSEE

VS.                          CASE NO. 2007-A-732

FREDERICK EDWARD BRAXTON

CAME THE ATTORNEY GENERAL WHO PROSECUTES FOR THE STATE AND THE
DEFENDANT IN PERSON, BEING REPRESENTED BY COUNSEL.

2007-A-732

MOTION TO
SUPPRESS IS
TAKEN UNDER
ADVISEMENT
WITH AN
ORDER TO BE
ENTERED

THEREUPON, THIS CAUSE CAME ON TO BE HEARD BY THE COURT UPON A MOTION
TO SUPPRESS ; AFTER DUE CONSIDERATION AND ALL THE EVIDENCE
INTRODUCED, SAID MOTION IS TAKEN UNDER ADVISEMENT WITH AN ORDER TO
BE ENTERED.

FURTHER, COUNT TWO IS CONTINUED UNTIL FEBRUARY 19, 2009 ON A MOTION FOR
NEW TRIAL.

LEE SPROUSE , ATTORNEY FOR DEFENDANT

J. WESLEY KING , ASSISTANT DISTRICT ATTORNEY

ORDERED THAT COURT STAND ADJOURNED UNTIL IN THE MORNING AT NINE
O'CLOCK.

STEVE DOZIER, JUDGE

FILED

IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE
DIVISION I

FEB 6

STATE OF TENNESSEE )
)
)
V. ) NO: 2007-A-732
)
)
FREDERICK BRAXTON )

## ORDER

This matter came before the Court on January 23, 2009 upon the defendant's
motion to suppress evidence seized as a result of his arrest. The defendant was arrested
on March 16, 2006 and charged with one count of Misdemeanor Possession or Casual
Exchange of Marijuana. At the hearing, the Court heard testimony from the arresting
officer and argument of counsel. The Court took the matter under advisement and has
consolidated the findings into this written memorandum.

The defendant argues the evidence was seized in violation of his fourth
amendment rights because the officers did not have reasonable suspicion or probable
cause to seize him.

At the hearing, Officer Jones testified he received a call referencing a black male
at a carwash, dressed all in black, near a blue Monte Carlo automobile waving a gun.
Upon arrival, the officer did see the defendant, a black male, dressed all in black,
standing near a blue Monte Carlo while it was being washed. The officer did not see a
weapon and approached the defendant and explained why he was there. The defendant
consented to a search of his person and of the vehicle. The officer did not find a weapon.
The officer then asked for the defendant's identification, which the defendant gave to

him. The officer took the identification to his patrol car and ran the defendant's name through the computer system for warrants. There was an outstanding probation violation warrant for the defendant and he was arrested. A search incident to arrest uncovered a small amount of marijuana in the defendant's sock.

According to both the Fourth Amendment and article I, § 7 of the Tennessee Constitution, "a warrantless search or seizure is presumed unreasonable, and evidence discovered as a result thereof is subject to suppression unless the State demonstrates that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement." *State v. Yeargan*, 958 S.W.2d 626, 629 (Tenn.1997) (citation omitted); *see also State v. Binette*, 33 S.W.3d at 218. While arrests and investigatory detentions implicate varying degrees of constitutional protection, "not all personal intercourse between policemen and citizens involves 'seizures' of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." *State v. Daniel*, 12 S.W.3d 420, 424 (quoting *Terry*, 392 U.S. at 19 n. 16, 88 S.Ct. at 1868).

In this case, the Court finds that the officer had reasonable suspicion to approach the defendant and investigate the assertions made in the anonymous call. However, once the officer searched the defendant and did not discover any evidence to support the suspicion of criminal activity, he could not seize the defendant by taking his license. "[W]hen an officer retains a person's identification for the purpose of running a computer check for outstanding warrants, no reasonable person believe that he or she could simply terminate the encounter by asking the officer to return the identification," therefore a seizure has occurred within the meaning of the Fourth Amendment and

Article I, section 7. *Daniel*, at 427. The officer did not have a sufficient basis to support the seizure of the defendant.

Based upon the foregoing analysis, the defendant's motion to suppress is granted. Entered this the 5th day of February 2009.

Steve R. Dozier, Judge
Criminal Court, Division I

cc:     Lee Sprouse
        J. Wesley King

IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
DIVISION I

| | | |
|---|---|---|
| **STATE OF TENNESSEE** | ) | |
| | ) | |
| vs. | ) | Case No. 2007-A-732 |
| | ) | |
| **FREDERICK BRAXTON** | ) | |

## MOTION TO CONTINUE

Comes now Counsel for the Defendant, and respectfully moves this Honorable Court to continue the court date in this cause. In support of this Motion, Counsel would show as follows:

1.  This cause is currently set for hearing on June 5, 2009, at 9:00a.m.

2.  Counsel for the Defendant has been unable to properly and thoroughly communicate with her client due to scheduling conflicts and the fact that the Defendant is housed in a facility outside Davidson County, Tennessee.

For the above-mentioned reasons, Counsel for the Defendant would respectfully request this Honorable Court to continue the court date in this cause to a date in the future.

Respectfully submitted,

Ashley Preston (025642)
Attorney for Defendant
Post Office Box 111935
Nashville, Tennessee 37222
(615) 772-5275

## CERTIFICATE OF SERVICE

I, Ashley Preston, Attorney for Defendant, Frederick Braxton, hereby certify that a true and exact copy of the foregoing has been provided to the Office of the District Attorney General, Washington Square Bldg., Suite 500, 222 Second Avenue, North, Nashville, Tennessee 37201, on this the _____ day of _____, 2009.

Ashley Preston

**IN THE CRIMINAL COURT OF DAVIDSON COUNTY, TENNESSEE**
**AT NASHVILLE**

STATE OF TENNESSEE )
)
)
)
v. )          CASE NO. 2007-A-732
)
)
LEONARD C. HARRIS )

### AMENDED MOTION FOR NEW TRIAL

Comes the defendant, by and through counsel, pursuant to Tennessee Rule of Criminal Procedure 33 and respectfully requests this Honorable Court to grant him a new trial for the following reasons:

1. The Trial Court erred by denying defense counsel for Mr. Harris to cross-examine James Williams regarding several instances namely:

    a. The incident in which Mr. Williams was shot in chest while he attempted to rob a home while armed.

    b. The incident in which Mr. Williams was found by police and was in possession of two guns and was wearing body armor.

    c. The incident in which Mr. Williams was convicted of possessing a weapon wherein he tossed the weapon from a moving vehicle.

2. The Trial Court erred in allowing testimony regarding an alleged threatening gesture allegedly made by Mr. Harris towards Mr. Williams after a court proceeding prior to trial.

3. The Trial Court erred in allowing testimony regarding an alleged prior shooting involving Mr. Williams and Mr. Harris holding that defense counsel opened the door to such testimony.

4. The Trial Court erred by denying the defendant's motion for judgment of acquittal pursuant to Rule 29 of the Tennessee Rules of Criminal Procedure as the evidence presented at trial was insufficient as a matter of law to convict Mr. Harris.

5. The Trial Court erred by failing to instruct the jury on the lesser-included offense of misdemeanor reckless endangerment.

6. The Trial Court erred by sentencing Mr. Harris to an excessive prison sentence.

7. Prior counsel for the defendant provided ineffective assistance of counsel in that he opened the door to alleged prior shooting involving the defense and the victim when he asked the victim about prior altercations between the two.

8. Prior counsel for the defendant provided ineffective assistance of counsel in that he failed to question the victim and call witnesses' regarding the victim's blackmailing the defendant by offering to drop the charges if he was paid $20,000.

9. Prior counsel for the defendant was ineffective in that he failed to question the defendant about prior false reports in which the victim called the police on the defendant.

10. Prior counsel for the defendant was ineffective in failing to establish through the police officers that that the suspect vehicle was not registered to Mr. Harris.

11. That the defendant was denied a fair trial by the combination of all the forgoing errors.

WHEREFORE, defendant prays that he be granted a hearing on this Motion

and that upon said hearing he be granted a new trial in this cause.

Respectfully submitted,

WILLIAM E. GRIFFITH #025417
Attorney for Defendant Harris
1308 Rosa L. Parks Blvd.
Nashville, TN 37208
(615) 254-0202

## CERTIFICATE OF SERVICE

I herby certify that an exact copy of the foregoing has been sent to the Wes King, Office of the District Attorney, 222 Second Avenue North, Suite 500, Nashville, TN 37201 on this the 2 day of June, 2009 via First Class Mail; Postage Prepaid.

WILLIAM E. GRIFFITH

## IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
## DIVISION I

2009 JUN -5 PH 1 52

**STATE OF TENNESSEE**  )

)

)

**vs.**  )  **No. 2007-A-732**

)

)

**FREDERICK BRAXTON**  )

---

## AMENDED MOTION FOR NEW TRIAL

---

Comes the Defendant, Frederick Braxton, by and through counsel, pursuant to Tennessee Rule of Criminal Procedure 33, and respectfully request this Honorable Court to amend the Motion For New Trial previously filed in this case and grant him a new trial for the following reasons:

1. The trial court erred in denying Mr. Braxton the ability to cross examine Mr. James Williams about certain subjects. Specifically, the Trial Court ruled that counsel for Mr. Braxton could not cross examine Mr. Williams about the incident where he was shot in the chest. This incident occurred while Mr. Williams was attempting to commit a robbery of a home while armed with a weapon. Also, counsel was not allowed to cross examine Mr. Williams about the incident where police found him in possession of two guns, one with a thirty round clip. Mr. Williams was also found to be wearing body armor on this occasion. Finally, counsel was not allowed to cross examine Mr. Williams about the specifics of a conviction from March 16, 2006, wherein he was in possession of another weapon that he threw out of the sunroof of a moving vehicle. These events took place one month after the incident in the present case.

Mr. Braxton's theory of defense was that he was not present when Mr. Williams was shot numerous times, therefore any proof that could establish that someone other than Mr. Braxton

had motive to inflict these injuries would be of the utmost relevance. Mr. Williams' history paints him as a violent and dangerous man who lived an equally violent and dangerous lifestyle, thus allowing this type of evidence would have aided the jury in deciding that a person other than Mr. Braxton had reason to, and did, inflict the injuries on Mr. Williams. T.R.E. 401. 402, *State v. Brown*, 29 S.W.3d 427 (Tenn.2000)

2. The trial court erred in allowing testimony from Mr. Wayne Miller during the State's rebuttal that Mr. Braxton was in jail on unrelated charges before February 15, 2006. This testimony was highly prejudicial, such prejudice substantially outweighing any probative value it may have had. T.R.E. 403

3. The trial court erred by denying the defendant's motion for judgment of acquittal, pursuant to Rule 29 of the Tennessee Rules of Criminal Procedure. The evidence presented at trial was insufficient as a matter of law to convict Mr. Braxton of Attempted Second Degree Homicide.

4. The trial court erred by sentencing Mr. Braxton to an excessive prison term when the State had filed no Notice of Enhanced Punishment and did not provide copies of certified convictions. *See* Tenn. Code Ann. §§ 40-35-102, 40-35-103, 40-35-210.

5. Defendant was denied effective assistance of counsel by counsel's failure to object and preserve for appeal a jury instruction on misdemeanor reckless endangerment.

6. Defendant was denied effective assistance of counsel when counsel failed to object to the State's failure to file a Notice of Enhanced Punishment and allowing certain convictions to be used against the Defendant at sentencing, by not requiring certified copies of those convictions to be used, and by failing to make a motion for a continuance.

7. Defendant was denied effective assistance of counsel when counsel failed to provide a timely notice of an alibi witness, and by failing to call such witness at the trial of the

case.

For the above-mentioned reasons, Counsel for the Defendant would respectfully request this Honorable Court to grant the relief requested.

Respectfully submitted,

Ashley Preston (025642)
Attorney for Defendant
Post Office Box 111935
Nashville, Tennessee 37222
(615) 772-5275

**CERTIFICATE OF SERVICE**

I, Ashley Preston, Attorney for Defendant, Frederick Braxton, hereby certify that a true and exact copy of the foregoing has been provided to the Office of the District Attorney General, Washington Square Bldg., Suite 500, 222 Second Avenue, North, Nashville, Tennessee 37201, on this the _____ day of _____, 2009.

Ashley Preston

IN THE CRIMINAL COURT OF DAVIDSON COUNTY, TENNESSEE, DIVISION I
MINUTES, JULY 9, 2009

STATE OF TENNESSEE

VS.                           CASE NO. 2007-A-732

FREDERICK EDWARD BRAXTON

CAME THE ATTORNEY GENERAL WHO PROSECUTES FOR THE STATE AND THE
DEFENDANT IN PERSON, BEING REPRESENTED BY COUNSEL.

2007-A-732

MOTION FOR
NEW TRIAL IS
TAKEN UNDER
ADVISEMENT
WITH AN
ORDER TO BE
ENTERED

THEREUPON, THIS CAUSE CAME ON TO BE HEARD BY THE COURT UPON MOTION
FOR NEW TRIAL ; AFTER DUE CONSIDERATION AND ALL THE EVIDENCE
INTRODUCED, SAID MOTION IS TAKEN UNDER ADVISEMENT WITH AN ORDER TO
BE ENTERED.

ASHLEY PRESTON , ATTORNEY FOR DEFENDANT

J. WESLEY KING , ASSISTANT DISTRICT ATTORNEY

ORDERED THAT COURT STAND ADJOURNED UNTIL IN THE MORNING AT NINE
O'CLOCK.

STEVE DOZIER, JUDGE

IN THE CRIMINAL COURT OF DAVIDSON COUNTY, TENNESSEE, DIVISION I
MINUTES, JULY 9, 2009

STATE OF TENNESSEE

VS.                          CASE NO. 2007-A-732

LEONARD CARDELL HARRIS

CAME THE ATTORNEY GENERAL WHO PROSECUTES FOR THE STATE AND THE
DEFENDANT IN PERSON, BEING REPRESENTED BY COUNSEL.

2007-A-732

MOTION FOR
NEW TRIAL IS
TAKEN UNDER
ADVISEMENT
WITH AN
ORDER TO BE
ENTERED

THEREUPON, THIS CAUSE CAME ON TO BE HEARD BY THE COURT UPON MOTION
FOR NEW TRIAL ; AFTER DUE CONSIDERATION AND ALL THE EVIDENCE
INTRODUCED, SAID MOTION IS TAKEN UNDER ADVISEMENT WITH AN ORDER TO
BE ENTERED.

WILLIAM GRIFFITH , ATTORNEY FOR DEFENDANT

J. WESLEY KING , ASSISTANT DISTRICT ATTORNEY

ORDERED THAT COURT STAND ADJOURNED UNTIL IN THE MORNING AT NINE
O'CLOCK.

STEVE DOZIER, JUDGE

# IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE
### DIVISION I

2009 JUL 31  AM 10: 27

DAVID C  TORRENCE CLERK
_____ DC

STATE OF TENNESSEE      ]

vs.      ]      **CASE NO.: 2007-A-732**

LEONARD C. HARRIS      ]

## MOTION FOR PERMISSION TO WITHDRAW

Comes now, William E. Griffith, appointed counsel for Leonard C. Harris, and moves this Honorable Court for permission to withdraw. In support of this Motion, undersigned counsel would show the following:

1. Undersigned counsel was appointed to represent the defendant after the defendant alleged ineffective assistance of his trial counsel in his *pro se* motion for new trial.

2. Undersigned counsel represented the defendant at the Motion for New Trial, which the Court took under advisement and still has not issued a ruling on.

3. On July 30, 2009, undersigned counsel received a copy of a complaint filed against him by the defendant with the Board of Professional Responsibility that was filed on July 17, 2009.

4. The defendant has alleged that undersigned counsel has denied him adequate representation.

5. A conflict has developed between undersigned counsel and the defendant.

WHEREFORE, undersigned counsel respectfully requests this Honorable Court allow him to withdraw as counsel for the defendant.

Respectfully submitted,

**WILLIAM E. GRIFFITH, #025417**
1308 Rosa L Parks Boulevard
Nashville, Tennessee 37208
(615) 254-0202

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing Motion has been sent via U.S. Postal Mail Service, Postage Pre-Paid to Leonard Harris, Charles Bass, 7177 Cockrill Bend Industrial Blvd., Nashville, Tennessee 37243 and Wes King, Assistant District Attorney, 222 2nd Avenue North, Suite 500, Nashville, Tennessee 37201 on this the 31st day of July, 2009.

WILLIAM E. GRIFFITH

IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE **F I L E D**
AT NASHVILLE
DIVISION I

**AUG 4** Rec'd

STATE OF TENNESSEE )
)                                          DAVID G. TORRENCE
)                                                 CLERK
V. )
)        NO:    2007-A-732
)               (Motion for New Trial)
LEONARD CARDELL HARRIS )

## ORDER

This cause came to be heard on July, 2009, on the defendant's "Motion for New
Trial." The defendant was convicted following a jury trial as to one count of Attempted
Second Degree Murder. Following a sentencing hearing, the Court imposed a nineteen
year sentence to be served at 35% for potential parole eligibility. Based upon defendant's
intentions to allege ineffective assistance of counsel in his motion for a new trial, the
Court relieved trial counsel and appointed new counsel for the defendant.[1] Following the
hearing, the Court took the matter under advisement and has consolidated the findings
into this written memorandum.

At the hearing, trial counsel testified he had been on the case since it was in
General Sessions. He stated he did not ask for a jury instruction on misdemeanor
Reckless Endangerment. He did not make a *Blakely* objection because the date of the
offense was after the change in the law.

The defendant alleges he is entitled to a new trial because he was denied
ineffective assistance of counsel. Specifically he alleges counsel failed to request and or

---

[1] After the hearing on this matter, the Court received a pro se motion requesting current counsel be relieved.
The Court reviewed the motion, the substance of which involved counsel's questioning of the witness at the
hearing. The finds that counsel did question the witness and there is no merit to the request for relief. The
motion is denied.

object to the omission of a jury instruction on Reckless Endangerment. He also argues counsel failed to request a full discovery of *Jencks* material. Further, he alleges counsel was ineffective due to opening the door to an unproven prior altercation that was suppressed by the trial court.

The defendant alleges he is entitled to a new trial because the trial court sentenced him in violation of his Sixth Amendment right to counsel by enhancing his sentence without a jury determination. He alleges the trial court erred in restricting counsel's ability to cross examine the victim on issues which the defendant asserts demonstrate the victim is a dangerous and violent man and thus someone else could have attempted to harm him. Further, he alleges the evidence was insufficient to convict him of Attempted Second Degree Murder.

The Court "must weigh the evidence and grant a new trial if the evidence preponderates against the weight of the verdict." *State v. Blanton*, 926 S.W.2d 953, 958 (Tenn. Crim. App. 1996); see also Tenn. R. Crim. P. 33(f). In order to grant a new trial, "the trial judge must disagree with the jury's findings on the question of the defendant's guilt." *See State v. Hill*, 856 S.W.2d 155, 158 (Tenn. Crim. App. 1993). The trial court must "independently weigh the evidence and assess the witnesses' credibility." *See State v. Dankworth*, 919 S.W 2d 52 (Tenn. Crim. App. 1955). The Court remembers this case and has reviewed its notes taken during the trial. In making this determination, the Court will examine all of the issues raised in the defendant's motion.

The Court finds it was proper to limit counsel's potential cross examination of witness Williams based upon the rules of evidence and reaffirms the rulings made at trial. The ruling limited information being presented that occurred sixteen months prior to the

offense at issue. A defendant can present motives of third party offenders, but it must be more than assumptions or bare suspicions. See State v. Powers, 101 S.W.3d (Tenn. 2003). The Court believes there was sufficient evidence to convict the defendant of Attempted Second Degree Murder. The case was tried before a jury, and the jury returned a verdict against the defendant. The Court believes the evidence does not preponderate against the weight of the verdict. Additionally, the Court agrees with the jury verdict per Tenn.R.Crim.P. 33. Therefore, this issue is denied. As to the defendant's sentence, the Court finds the State filed a Notice of Enhanced Punishment and that the defendant's sentence was a product of the guidelines and appropriate range. Therefore, the defendant's allegations of errors by the trial court are denied.

As to the defendant's claims of ineffective assistance of counsel, the Court finds that the defendant has failed to demonstrate the allegations by clear and convincing evidence and has not shown any prejudice. The Court finds the evidence at trial would not have supported a jury instruction on Misdemeanor Reckless Endangerment and further that the defendant has not demonstrated prejudice as a result. Further, the defendant has not provided any evidence or statements that were not made available to trial counsel. As to the defendant's allegations that trial counsel was ineffective in opening the door to a prior unproven altercation, the Court notes that trial counsel did ask this question. Before the witness could answer the question, "Have you had any other altercations with Mr. Harris," the Court asked counsel if he wanted to ask that question. Trial counsel said he did wish to ask the question and the Court permitted him. Although the question opened the ability to question about other incidents in order to fill the conceptual void as to the bad blood between the defendant and the victim, much of this

information was admissible even if brought out by the State. This information also allowed information about the complaining witness and possible unfavorable demeanor seen by the jury. Even though potentially prejudicial, this was a tactical decision by trial counsel that may have had a valid defense motivation but certainly does not rise to the necessary level of effecting the outcome of the trial.

When a claim of ineffective assistance of counsel is raised, the defendant must prove his factual allegations by clear and *convincing evidence*. *State v. Honeycutt*, 54 S.W.3d 762 (Tenn. 2001). When a defendant raises an allegation of ineffective assistance of counsel the defendant must prove, by clear and convincing evidence, that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)*; *see also State v. Burns,* 6 S.W.3d 453, 461 (Tenn. 1999). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. When the effectiveness and competency of one's counsel is challenged, the petitioner must show that his counsel's work was not "within the range of competence demanded of attorney's in criminal cases," *See Baxter v. Rose*, 523 S.W.2d. 930, at 936 (Tenn. 1975); *Tidwell v. State*, 922 S.W.2d. 497, at 500 (Tenn. 1996). Specifically, the *Strickland* court stated the following:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it

cannot be said that the conviction or sentence resulted from a breakdown
in the adversary process that renders the result unreliable.

*Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d 674 (1984); *Tidwell,* 922

S.W.2d at 500.

The Court finds the defendant has failed to demonstrate by clear and convincing
evidence that trial counsel was ineffective in his representation. Furthermore, the
defendant has not shown he was prejudiced. Therefore, the motion as to the claims of
ineffective assistance of counsel is denied.

Based upon the foregoing analysis, the defendant's motion for a new trial is
denied.

Entered this ⁴ᵗʰ of August, 2009.

Steve R. Dozier, Judge
Criminal Court, Division I

cc:     Will Griffith
        Rachel Sobrero

IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE FILED

AT NASHVILLE

DIVISION I

AUG 4 Rec'd

STATE OF TENNESSEE )
)
)
V. )
) NO: 2007-A-732
) (Motion for New Trial)
FREDERICK EDWARD BRAXTON )

**ORDER**

This cause came to be heard on July 9, 2009, on the defendant's "Motion for New Trial." The defendant was convicted following a jury trial as to one count of Attempted Second Degree Murder. Following a sentencing hearing, the Court imposed an eleven year sentence to be served at 30% for potential parole eligibility. Based upon defendant's intentions to allege ineffective assistance of counsel in his motion for a new trial, the Court relieved trial counsel and appointed new counsel for the defendant. Following the hearing, the Court took the matter under advisement and has consolidated the findings into this written memorandum.

The defendant raised numerous issues in his motion for a new trial. Specifically he stated the trial court erred as to the following issues 1) by denying trial counsel the ability to effectively cross examine witness James Williams about prior incidents involving weapons, crimes, and convictions. The defendant alleges these prior incidents would have demonstrated that someone other than the defendant had motive to inflict these injuries; 2) in permitting testimony from Wayne Miller that the defendant was incarcerated on unrelated charges in February 15, 2006; 3) denying the defendant's motion for judgment of acquittal because the evidence presented was insufficient as a

matter of law to convict the defendant of Attempted Second Degree Murder; and 4) by
sentencing the defendant to an excessive prison term based upon the defendant's
allegation that the State did not file notice of enhanced punishment and did not provide
copies of certified convictions. Additionally, the defendant alleges he received ineffective
assistance of counsel[1] due to counsel's failure to 1) object and preserve for appeal a jury
instruction on misdemeanor reckless endangerment; 2) to object to the state's failure to
file a Notice of Enhanced Punishment and not requiring certified convictions be used; 3)
to make a motion for a continuance; 4) to provide a timely notice of alibi witness and
failing to call such witness at trial.

At the hearing, trial counsel testified that he had approximately two months to
prepare for the trial.[2] He believed he was prepared to go forward and the defendant
wanted to go to trial. He met with the defendant five or six times at length and filed a
motion to sever the counts which was granted by the Court. He stated he made a tactical
decision not to call witness Martin as an alibi witness and the defendant did not make an
objection to this decision. Trial counsel stated he was concerned about the fact that
Martin would have provided different testimony than the co-defendant's two alibi
witnesses. As to the defendant's prior convictions for sentencing purposes, trial counsel

---

[1] As the Court advised the defendant, claims of ineffective assistance of counsel are generally more
appropriately raised in a petition for post- conviction relief rather than on direct appeal. *See State v.
Carruthers*, 35 S.W.3d 516, 551 (Tenn. 2000); *see also State v. Anderson*, 835 S.W.2d 600, 606 (Tenn.
Crim. App. 1992).

[2] The defendant was represented at arraignment on March 28, 2007 by the Public Defender's Office. Due to
the discovery of a conflict, the office was relieved and new counsel appointed on May 24, 2007. The case
was set for trial on November 26, 2007. The defendant filed a motion to continue the trial date which the
Court granted and reset the case for April 14, 2008 for trial. The co-defendant filed a motion to continue on
March 27, 2008, which was granted by the Court and the case was reset for trial for August 18, 2008.
During that time period counsel for the defendant discovered a conflict with a key witness and was required
to be relieved. The Court again appointed new counsel who subsequently represented the defendant at trial
on October 13, 2008.

testified he reviewed the notice the State had filed[3] and found the convictions were all valid. In total, trial counsel testified he spend over 37.5 hours on the case which necessitated a complex case order from the Court.

The Court "must weigh the evidence and grant a new trial if the evidence preponderates against the weight of the verdict." *State v. Blanton*, 926 S.W.2d 953, 958 (Tenn. Crim. App. 1996); see also Tenn. R. Crim. P. 33(f). In order to grant a new trial, "the trial judge must disagree with the jury's findings on the question of the defendant's guilt." *See State v. Hill*, 856 S.W.2d 155, 158 (Tenn. Crim. App. 1993). The trial court must "independently weigh the evidence and assess the witnesses' credibility." *See State v. Dankworth*, 919 S.W 2d 52 (Tenn. Crim. App. 1955). The Court remembers this case and has reviewed its notes taken during the trial. In making this determination, the Court will examine all of the issues raised in the defendant's motion.

The Court finds it was proper to limit counsel's potential cross examination of witness Williams based upon the rules of evidence and reaffirms the rulings made at trial. The Court allowed trial counsel to inquire about Williams' convictions but information concerning facts of the witness' activities sixteen months before the incident at issue in trial was not relevant. The Court finds the testimony from witness Miller regarding the defendant's incarceration prior to February 15, 2006 was probative and relevant to the issue of witness Chistman's testimony that she saw the defendant at her apartment on dates that he was shown to be incarcerated. The Court believes there was sufficient evidence to convict the defendant of Attempted Second Degree Murder. The case was tried before a jury, and the jury returned a verdict against the defendant. The Court believes the evidence does not preponderate against the weight of the verdict.

---

[3] The State filed a notice of enhanced punishment based on prior convictions on November 16, 2007

Additionally, the Court agrees with the jury verdict per Tenn.R.Crim.P. 33. Therefore, this issue is denied. As to the defendant's sentence, the Court finds the State did file a Notice of Enhanced Punishment and that the defendant's sentence was a product of the guidelines and appropriate range. Therefore, the defendant's allegations of errors by the trial court are denied.

As to the defendant's claims of ineffective assistance of counsel, the Court finds that the defendant has failed to demonstrate the allegations by clear and convincing evidence and has not shown any prejudice. The Court finds the evidence at trial would not have supported a jury instruction on Misdemeanor Reckless Endangerment and further that the defendant has not demonstrated prejudice as a result. The Court accredits the testimony of trial counsel that he investigated all of the defendant's prior convictions and believed they were valid. The Court finds the State had filed timely a notice of enhanced punishment. The Court finds counsel was not ineffective in failing to call witness Martin. The Court accredits counsel's testimony that it was a tactical decision and that the defendant did not object. Trial counsel did call a witness, Chistman, who testified she saw the defendant at the time of the shooting at her apartment on February 15, 2006 and also stated she saw the defendant on February 5 and February 6.

When a claim of ineffective assistance of counsel is raised, the defendant must prove his factual allegations by clear and *convincing evidence*. *State v. Honeycutt*, 54 S.W.3d 762 (Tenn. 2001). When a defendant raises an allegation of ineffective assistance of counsel the defendant must prove, by clear and convincing evidence, that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.*

*Ed. 2d 674 (1984)*; *see also State v. Burns,* 6 S.W.3d 453, 461 (Tenn. 1999). "Unless a

defendant makes both showings, it cannot be said that the conviction . . . resulted from a

breakdown in the adversary process that renders the result unreliahle." *Strickland,* 466

U.S. at 687, 104 S. Ct. at 2064. When the effectiveness and competency of one's counsel

is challenged, the petitioner must show that his counsel's work was not "within the range

of competence demanded of attorney's in criminal cases," *See Baxter v. Rose,* 523

S.W.2d. 930, at 936 (Tenn. 1975); *Tidwell v. State,* 922 S.W.2d. 497, at 500 (Tenn.

1996). Specifically, the *Strickland* court stated the following:

> First, the defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that counsel
> was not functioning as the "counsel" guaranteed the defendant by the
> Sixth Amendment. Second, the defendant must show that the deficient
> performance prejudiced the defense. This requires showing that counsel
> errors were so serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable. Unless a defendant makes both showings, it
> cannot be said that the conviction or sentence resulted from a breakdown
> in the adversary process that renders the result unreliable.

*Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d 674 (1984); *Tidwell,* 922

S.W.2d at 500.

The Court finds the defendant has failed to demonstrate by clear and convincing

evidence that trial counsel was ineffective in his representation. Furthermore, the

defendant has not shown he was prejudiced. Therefore, the motion as to the claims of

ineffective assistance of counsel is denied.

Based upon the foregoing analysis, the defendant's motion is denied.

Entered this 4th of August, 2009.

Steve R. Dozier, Judge
Criminal Court, Division I

cc:     Ashley Preston
        J. Wesley King

**IN THE CRIMINAL COURT OF DAVIDSON COUNTY, TENNESSEE**
**AT NASHVILLE**
**DIVISION I**

**2009 AUG 10  PM 3: 11**

DAVID C. TORRENCE CLERK
_____ DC

**STATE OF TENNESSEE**                )
                                       )
                                       )
v.                                     )      **CASE NO. 2007-A-732**
                                       )
                                       )
**LEONARD C. HARRIS**                  )
~~TDoc # 234052~~

## NOTICE OF APPEAL

Comes the defendant, by and through counsel, and hereby gives Notice of Appeal

from the Order of the Criminal Court of Davidson County, Division I entered on August

4, 2009 denying his motion for new trial. The defendant submits that this Notice of

Appeal is timely filed.

Respectfully submitted,

WILLIAM E. GRIFFITH #025417
Attorney for Defendant Harris
1308 Rosa L. Parks Blvd.
Nashville, TN 37208
(615) 254-0202

## CERTIFICATE OF SERVICE

I herby certify that an exact copy of the foregoing has been sent to the Wes King, Office of the District Attorney, 222 Second Avenue North, Suite 500, Nashville, TN 37201 and the Office of the Attorney General, 425 Fifth Avenue North, Nashville, TN 37243 on this the 7 day of August, 2009 via First Class Mail; Postage Prepaid.

WILLIAM E. GRIFFITH

IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE **FILED**

AT NASHVILLE

DIVISION I

AUG 18 Rec'd

DAVID G. TORRENCE
CLERK
BY _____ D.C.

STATE OF TENNESSEE )
)
)
V. )
) NO: 2007-A-732
) (Motion)
LEONARD CARDELL HARRIS )

## ORDER

This cause came to before the Court on defense counsel's motion for permission to withdraw from representation. Counsel requests permission to withdraw citing the defendant's assertion that he has not received adequate representation and that a complaint has been filed with the Board of Professional Responsibility. Counsel was appointed to represent the above captioned defendant in his pursuit of his motion for a new trial. That motion was heard and denied by the Court on August 4, 2009. In that motion, the defendant had asked for counsel to be relieved and that request was denied. The Court finds that there has been no evidence of defense counsel's representation being inadequate and finds that his representation in this court on this matter is concluded.[1]

Therefore, the motion shall be denied.

Entered this 18th of August, 2009.

Steve R. Dozier, Judge
Criminal Court, Division 1

---

[1] Trial counsel may chose to pursue a motion to withdraw at the appellate level if appropriate grounds develop.

cc:    Will Griffith
       Rachel Sobrero

**IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE**
**AT NASHVILLE**
**DIVISION I**

| | | | |
|---|---|---|---|
| **STATE OF TENNESSEE** | ) | | |
| | ) | | |
| | ) | | |
| **V.** | ) | No. | **2007-A-732** |
| | ) | | |
| | ) | | |
| **FREDERICK BRAXTON** | ) | | |
| Tboc# 332561 | | | |

**NOTICE OF APPEAL**

Comes now the petitioner, by and through counsel, and hereby gives Notice of Appeal

from the Order of the Criminal Court of Davidson County, Division I, entered on August 4,

2009, which denied petitioner's Motion for New Trial and Ineffective Assistance of Counsel

claims. The petitioner now submits that this Notice of Appeal is timely filed.

Respectfully Submitted,

Ashley Preston, #025642
**Attorney for the Petitioner**
**Post Office Box 111935**
**Nashville, Tennessee 37222**
**(615) 772-5275**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing notice has been delivered to
the Office of the District Attorney General, Washington Square Bldg., 222 Second Avenue
North, Nashville, Tennessee 37201, on this the 28 day of August 2009.

Ashley Preston, #025642

## IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE
## DIVISION I

STATE OF TENNESSEE )

)

)

V. ) No. 2007-A-732

)

)

FREDERICK BRAXTON )

## DESIGNATION OF RECORD

Comes now the petitioner, by and through counsel, and hereby requests the Criminal

Court of Davidson County, Division I to authorize the transcript of pre-trial motions, orders,

trial, sentencing hearing, and motion for new trial in this case to be prepared by the court reporter

and filed with the Davidson County Criminal Court Clerk's Office. The petitioner in this cause

has been declared indigent and said counsel has been appointed to represent him. Specifically,

the defendant asks that the transcript be prepared of the pre-trial motions, orders, opening

statements, trial and closing arguments that took place on October 13, 14, and 15, 2008; the

sentencing hearing which took place on November 24, 2008; and the Motion for New Trial

which took place on July 9, 2009.

Respectfully Submitted,

**Ashley Preston, #025642**
**Attorney for the Petitioner**
**Post Office Box 111935**
**Nashville, Tennessee 37222**
**(615) 772-5275**

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing notice has been delivered to the Office of the District Attorney General, Washington Square Bldg., 222 Second Avenue North, Nashville, Tennessee 37201, on this the 28 day of August 2009.

Ashley Preston, #025642

IN THE CRIMINAL COURT FOR DAVIDSON COUNTY, TENNESSEE

STATE OF TENNESSEE

VS.                                                    NO. 2007-A-732

FREDERICK BRAXTON

LEONARD HARRIS

## CERTIFICATE OF APPELLATE RECORD

I, David C. Torrence, Criminal Court Clerk of Davidson County, Tennessee, do hereby certify that the following items herewith transmitted to the Court of Appeals are originals or true and correct copies of all of the designated papers on file in my office in the captions case.

1. Technical record attached to this record and consisting of 113 pages contained in 1 volume.

2. 11 volumes of transcript authenticated by the Trial Judge or automatically authenticated under T.R.A.P. Rule 24(f).

3. Exhibits filed in my office and authenticated by the Trial Judge or as provided by T.R.A.P. Rule 24(f) and described as follows:

   Jury Trial (10-13-08)

   Exhibit 1(A-C): Photographs

   Exhibit 2(A-L): Photographs

Exhibit 4(A-H): Photographs

Exhibit 6: Map

The following exhibits of unusual bulk or weight have been retained in my office

due to their size, and are described as follows:

*Retained*

Exhibit 3: Spent Casings/Projectile Pieces

Exhibit 5: 12 Spent Casings

Sentence Hearing (11-24-08)

Exhibit 1: Pre-Sentence Report / Braxton

Exhibit 2: Pre-Sentence Report / Harris

This 23rd day of November, 2009.

*David C. Torrence by N. Murphy*
DAVID C. TORRENCE
CRIMINAL COURT CLERK
DAVIDSON COUNTY, TENNESSEE